NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FORSYTH COUNTY 2012 JUL 13 PM 3:21    12 CVS 4379

FORSYTH COUNTY, C.S.C.
BY: Beth Carter

| | |
|---|---|
| THE LOFTS AT ALBERT HALL CONDOMINIUM ASSOCIATION, INC., <br>             Plaintiff <br> v. <br><br> VINTAGE OAKS II, a California Limited Partnership; BARTON/BOESPFLUG II a California Limited Partnership; and BULKLEY INVESTORS, <br>             Defendants | COMPLAINT |

     NOW COMES Plaintiff The Lofts at Albert Hall Condominium Association, Inc., complaining of Defendants Vintage Oaks II, a California Limited Partnership, Barton/Boespflug II, a California Limited Partnership and Bulkley Investors, and alleges and says:

### PARTIES

     1.    Plaintiff is a North Carolina corporation with its office and principal place of business located in Forsyth County, North Carolina. Plaintiff is in the business of operating the Condominium Association which is comprised of the residential condominiums located on the top floor of the building located at 101 North Chestnut Street, Winston Salem, North Carolina 27101.

     2.    Plaintiff is informed and believes, and hereby alleges, that Defendant Vintage Oaks II, a California Limited Partnership (herein "Vintage Oaks") is a California limited partnership with its principal office in Sausalito, California. Upon information and belief Vintage Oaks is a part owner in the building located at 101 North Chestnut Street within which building the Albert Hall Condominiums are located. Further, Vintage Oaks is authorized to do and does business in North Carolina and is otherwise subject to the jurisdiction of this Court.



EXHIBIT A

3. Plaintiff is informed and believes, and hereby alleges, that Defendant Barton/Boespflug II, a California Limited Partnership (herein "Barton") is a California limited partnership with its principal office in Sausalito, California. Upon information and belief Barton is a part owner in the building located at 101 North Chestnut Street within which building the Albert Hall Condominiums are located. Further, Barton is authorized to do and does business in North Carolina and is otherwise subject to the jurisdiction of this Court.

4. Plaintiff is informed and believes, and hereby alleges, that Defendant Bulkley Investors (herein "Bulkley") is a general partnership having its principal office in Sausalito, California. Upon information and belief Bulkley is a part owner in the building located at 101 North Chestnut Street within which building the Albert Hall Condominiums are located. Further, Bulkley does business in North Carolina and is otherwise subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

5. Together Defendants Vintage Oaks, Barton and Bulkley own the building located at 101 North Chestnut Street, Winston Salem, North Carolina 27101.

6. Plaintiff is the governing organization of the owners of the residential condominiums on the top floor of the property identified in paragraph 5 above pursuant to the North Carolina Condominium Act, Chapter 47C of the North Carolina General Statutes.

7. Both Plaintiff and Defendants are bound by the Declaration of Condominium of The Lofts at Albert Hall Condominium ("Declaration") executed on December 18, 1997, and presented and recorded with the Forsyth County Register of Deeds on January 6, 1998 at Deed Book 1980, Pages 1954-1993 of the Forsyth County Register of Deeds.

8. Pursuant to Article XIV section 14.8(h) of the Declaration, Defendants are obligated, at their sole cost and expense, to keep the roof of the building in which the Condominiums are located in good order and safe condition, which includes making any necessary repairs. In addition, Defendants are obligated to use all reasonable caution to prevent waste.

9. By letter dated March 5, 2012, Plaintiff communicated with Defendants and advised them that, due to prior ineffective repairs and structural problems with the concrete

2

Case 1:12-cv-00906-CCE-JLW   Document 4   Filed 08/21/12   Page 2 of 4

underlying the roof membrane, the Condominiums and the personalty of their owners were being significantly damaged. Therefore, Plaintiff demanded that Defendants undertake replacement of the roof.

10. By letter dated April 12, 2012, Defendants, through their property manager, responded with their proposed terms for a roof replacement and represented that roof replacement would begin upon acceptance of said terms.

11. On or about May 8, 2012, Plaintiff provided Defendants with a proposed Agreement generally accepting the terms proposed by Defendants; however, to date Defendants have failed and refused to respond to plaintiff's proposed Agreement or to take any action to begin replacement of or replace the roof.

## CLAIM FOR RELIEF

12. Plaintiff incorporates by reference, as if fully set forth herein, its allegations contained in paragraphs 1 – 11 of the Complaint.

13. Despite having actual knowledge of damage caused by ongoing roof leaks due to the age of the roof, its deterioration and ineffective repairs and despite receiving written notice from Plaintiff of such damage, Defendants have breached their obligation under the Declaration to keep the roof in good order and safe condition and have failed to use all reasonable caution to prevent waste.

14. As a proximate result of Defendants' breach, Plaintiff has suffered irreparable harm and has been damaged in an amount to be proved at trial, but in any event, in a sum in excess of $10,000.

15. Plaintiff is entitled to an injunction requiring Defendant to perform its obligations pursuant to the Declaration and, more specifically, to undertake repair and replacement of the roof as previously agreed by Defendants.

16. Plaintiff is entitled to its costs and attorneys' fees incurred in the prosecution of this action based on the fact that Defendants' misconduct, as herein alleged, was willful.

WHEREFORE, Plaintiff respectfully prays the Court that:

1. Plaintiff have and recover from Defendants all sums to which it is entitled in the maximum amount allowed by law for Defendants' breach and wrongdoing;

2. Defendants be enjoined from ignoring their obligation to keep the roof in good order and safe condition and be required to make the roof repairs as required to satisfy their legal obligations under law and the applicable documents;

3. The costs of this action, including a reasonable attorneys' fee for Plaintiffs' attorneys, be taxed to Defendants and awarded to Plaintiff;

4. Plaintiff have a trial by jury of all issues properly triable; and

5. The Court grant such other and further relief as is just and proper.

This the 13th day of July, 2012.

/s/ Michael L. Robinson (SB # 9438)
Stephen Robinson (SB # 18401)
Katherine Serfas (SB # 43193)
Counsel for Plaintiff

OF COUNSEL:

ROBINSON & LAWING, LLP
101 N. Cherry St., Ste. 720
Winston-Salem, NC 27101
Tel: (336) 631-8500
Fax: (336) 631-6999
Email: mrobinson@robinsonlawing.com
srobinson@robinsonlawing.com
kserfas@robinsonlawing.com

719863.doc

4