IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THE LOFTS AT ALBERT HALL            )
CONDOMINIUM ASSOCIATION, INC.       )
and JEFFREY L. SMITH,               )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )                   1:12-CV-906
                                    )
VINTAGE OAKS II, a California Limited )
Partnership; BARTON/BOESPFLUG II, a )
California Limited Partnership; and  )
BULKLEY INVESTORS,                  )
                                    )
                Defendants and      )
                Third-Party         )
                Plaintiffs,         )
                                    )
        v.                          )
                                    )
PIEDMONT INSTITUTE FOR              )
RESEARCH AND TECHNOLOGY, LLC,       )
and W. DAVID SHANNON,               )
                                    )
                Third-Party         )
                Defendants.         )

**ORDER**

        This matter is before the Court on a motion to dismiss by third-party defendants

Piedmont Institute for Research and Technology, LLC (PIRT) and David Shannon.  (Doc. 37.)

Because the claims of the defendants/third-party plaintiffs Vintage Oaks II, Barton/Boespflug II,

and Bulkley Investors are clearly barred by the North Carolina statute of repose and otherwise

fail to state a claim, the motion should be granted.

        PIRT developed the property at issue back in the 1990s. There is no allegation that PIRT

or Mr. Shannon have done anything in the last twelve years except fail to maintain the roof at

issue in this case.  PIRT and Mr. Shannon point out that they transferred their ownership interest

to defendants/third-party plaintiffs in 2000 and contend they no longer have any duty to maintain the roof.[1]

Defendants/third-party plaintiffs assert that PIRT is still so obligated under the Uniform Condominium Act. N.C.G.S. § 47C-1-101 *et seq*. Specifically, defendants/third-party plaintiffs contend that PIRT is the Declarant under the Declaration; that as Declarant PIRT had the duty and obligation to maintain the roof; that PIRT did not transfer its Special Declarant Rights and concomitant obligations under the Declaration when it transferred its property rights to the defendants/third-party plaintiffs; and that PIRT remains responsible for the roof. Because PIRT remains responsible for maintaining the roof, defendants/third-party plaintiffs contend the statute of repose is not applicable.

Defendants/third-party plaintiffs state that PIRT never transferred its Special Declarant Rights in the manner required by the Uniform Act,[2] and PIRT does not argue to the contrary. PIRT contends, however, that maintaining the roof is not a Special Declarant Right and that when it transferred its ownership interest in the property to Defendants/third-party plaintiffs, it also transferred any obligation it had to maintain the roof.

This argument has merit. Under the Act, Special Declarant Rights are very limited, and they do not include maintaining the roof. *See* N.C.G.S. § 47C-1-103(23). Thus, the fact that PIRT never transferred its Special Declarant Rights is not relevant to this case.

---

[1] In their Answer and Third Party Complaint, the defendant/third-party plaintiffs expressly rely on various documents, including the Declaration (*e.g.*, Doc. 29, page 2 at ¶ 8, p. 13 at ¶ 3) and the Deeds (*Id.* at page 2, ¶ 6), and admit they are bound by them. (*Id.* at page 3, ¶ 10.) Those documents have been provided by PIRT and by the defendants/third-party plaintiffs in connection with this motion. Thus they are appropriate for consideration at the Rule 12(b)(6) stage.

[2] The Act requires that Special Declarant Rights can only be transferred by a recorded instrument signed by the transferee. N.C.G.S. § 47C-3-104(a).

It is clear that PIRT transferred all its other rights and interests to the Defendants/third-party plaintiffs. There is no basis to hold PIRT responsible for maintaining a roof as to which it transferred all its property rights well more than ten years before suit was filed.

It is **ORDERED** that the motion to dismiss by third-party defendants Piedmont Institute for Research and Technology, LLC (PIRT) and David Shannon (Doc. 37) is **GRANTED**. Judgment in favor of Piedmont Institute for Research and Technology, LLC (PIRT) and David Shannon will be entered concomitantly herewith.

This the 15th day of July, 2013.

 

_____
UNITED STATES DISTRICT JUDGE