IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| The Lofts at Albert Hall Condominium Association, Inc. and Jeffrey L. Smith,<br><br>    Plaintiffs,<br><br>  vs.<br><br>Vintage Oaks II, a California Limited Partnership; Barton/Boespflug II, a California Limited Partnership; and Bulkley Investors,<br><br>    Defendants. | Civil Action No. 1:12-CV-906<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO AMEND** |

**COME NOW** the defendants, Vintage Oaks II, Barton/ Boespflug II and Bulkley Investors (collectively, the "**Defendants**"), by and through counsel, and reply to the Plaintiffs' Response in Opposition to Defendants' Motion to Amend as follows:

**ARGUMENT**

**I. The defendants' Motion to Amend should be granted because justice so requires the amendment.**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure:

    (a) Amendments Before Trial.

> (1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

F.R.C.P. 15(a) (2009).

Plaintiffs argue in their Brief that defendants must also satisfy the two burdens set out in <u>Halpern v. Wake Forest University Health Sciences</u>, 268 F.R.D. 264 (M.D.N.C. 2010): (1) that "good cause" exists, and (2) that leave to amend is proper under Rule 15.  <u>Id.</u>  Plaintiffs make this argument because they contend the expiration of the deadline to amend pleadings has already passed.  In making this argument, plaintiffs cite to the following provision in the parties Rule 26(f) report:

> The pleadings are not closed because third-party defendants have filed a 12(b)(6) motion in lieu of an Answer.  Therefore, the parties request that they be allowed until the later of sixty (60) days following the close of the pleadings **or** a ruling by the Court on third-party defendants' pending

> 12(b)(6) motion (if the court grants the 12(b)(6) motion to dismiss), to request leave to join additional parties or amend pleadings. **After these dates, the court will consider, inter alia, whether the granting of leave would delay trial**.

(Doc. 42, as adopted Doc. 43). Therefore, while 60 days have passed since the Court ruled on the Motion to Dismiss, defendants have seen no Order or other event which would "close the pleadings." Likewise, even if, as plaintiffs contend, the pleadings have "closed," the 26(f) report, by its own terms, allows defendants' Motion so long as the trial would not be delayed. Therefore, defendants contend the burden set out in <u>Halpern</u> is inapplicable to the present facts, as the scheduling order has not expired with respect to the time for amending pleadings. <u>Id.</u> For this reason, the Court need only consider whether "justice so requires" the amendment, as set out in Rule 15 of the Federal Rules of Civil Procedure.

    Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." <u>Sweetheart Plastics, Inc. v. Detroit Forming, Inc.</u>, 743 F.2d 1039, 1043 (1984). The United States Supreme Court has admonished that "this mandate is to be heeded."

Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

For example, in Sweetheart, the plaintiff moved to amend its Complaint on the day of trial to add a claim of trademark infringement. Sweetheart, 743 F.2d 1039, 1043 (1984). The trial court denied the motion, and Sweetheart appealed. The Court, on appeal, found (1) "the mere fact that the motion to amend was made the day of trial did not unduly prejudice Detroit so as to require denial of the motion. Absent prejudice to the opposing party, the mere fact that an amendment is offered late in the case is not enough to bar it." 3 J. Moore, Moore's Federal Practice § 15.08[4] (2d ed. 1984); Howey v. United States, 481 F.2d 1187 (9th Cir.1973); Hanson v. Hunt Oil Company, 398 F.2d 578 (8th Cir.1968); and (2) "[m]oreover, [defendant] was in possession of the document which forms the basis of Sweetheart's motion to amend until six days before the motion was made, and thus cannot be heard to complain of unfair surprise by the inclusion of the additional count." Id. at 1043.

Similarly, in the present case, no prejudice can be shown to plaintiffs by way of the proposed Amendment. For example, as set forth in the relevant Motion, and as considered in Sweetheart, the trial in this matter will not be delayed if the Motion is granted. Further, as set forth in the Motion, documents relevant

to the proposed Motion were exchanged at mediation in **November, 2013**.[1] To the extent plaintiffs now claim these documents were not "discovery" or that more documents were needed to adequately evaluate the claims in the proposed counterclaim, thus barring the counterclaim as prejudicial, nothing prevented plaintiffs from issuing discovery on any issue it felt necessary over the course of the last **six months**. To now argue that the lack of documents with respect to the proposed counterclaim is somehow the fault of the defendants is simply disingenuous.

For these reasons, defendants submit to this Court that, as set forth in the Motion, justice so requires the allowance of the Motion to Amend the Answer, and the Motion should be granted.

## II. The proposed counterclaim is not futile.

Plaintiffs, in their Brief, next argue that granting defendants' Motion to Amend would be futile, as the

---

[1] In their Brief, Plaintiffs assert that the amount of damages sought by way of the Counterclaim inexplicably rose from $49,422.87 "just prior to Mediation" to $137,285.74 "at Mediation." As explained to plaintiffs at the Mediation, the figure of $49,422.87 was arrived at by miscalculation, and the miscalculation was reported to plaintiffs immediately. Further, the invoices provided in support of the figures given plaintiffs never changed.

counterclaim fails to state a claim upon which relief may be granted.

Toward that end, plaintiffs first claim that the amendment is barred by the statute of limitations. Preliminarily, as alleged in the proposed counterclaim, the counterclaim seeks reimbursement for expenses that "continue to accrue and will continue to accrue in the future." Plaintiffs contend these expenses are "only an aggravation of the original injury and do[] not restart the statutory limitations period." ABL Plumbing and Heating Corp. v. Bladen Co. Bd. of Education, 175 N.C. App. 164, 167, 623 S.E.2d 57, 59 (2005)." (Pl. Brief, p. 9). Plaintiffs, however, blatantly ignore North Carolina's recognition of the "continuing wrong" doctrine.

> The "continuing wrong doctrine" is "an exception to the general rule that a claim accrues when the right to maintain a suit arises." ... "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." In determining whether a plaintiff suffers from a continuing violation, we consider "[t]he particular policies of the statute of limitations in question, as well as the nature of the wrongful conduct and harm alleged." Amward Homes, Inc. v. Town of Cary, 206 N.C. App. 38, 56–57, 698 S.E.2d 404, 418 (2010) (quoting Babb v. Graham, 190 N.C. App. 463, 481, 660 S.E.2d 626, 637 (2008), disc. review denied, 363 N.C. 257, 676 S.E.2d 900 (2009), and Williams v. Blue Cross Blue

> Shield of N.C., 357 N.C. 170, 179, 581 S.E.2d 415, 423
> (2003) (internal citations omitted)), aff'd by an
> equally divided court, 365 N.C. 305, 716 S.E.2d 849
> (2011).  The appellate courts in this jurisdiction have
> applied the "continuing wrong" doctrine to situations
> such as (1) multiple separate lawsuits filed against a
> party on the basis of an unlawful local ordinance, Blue
> Cross, 357 N.C. at 178-81, 581 S.E.2d at 423-24 (2003);
> (2) **a party's refusal to make a series of salary
> payments as they become due**, Marzec v. Nye, 203 N.C.
> App. 88, 93-97, 690 S.E.2d 537, 542-44 (2010); and (3)
> **a trustee's refusal to make a number of separate
> distributions**.  Babb, 190 N.C. App. at 481, 660 S.E.2d
> at 637-38.  As a result, the "continuing wrong"
> doctrine applies to multiple separate obligations
> stemming from the same essential contractual or legal
> obligation.

Eubank v. Van-Riel, 727 S.E.2d 25 (2012); emphasis added.  As set out in Eubank, the failure, over time, to make payments is indeed considered a "continuing wrong."  Therefore, the proposed amendment does not violate the statute of limitations.

Plaintiffs next claim that the proposed counterclaim is barred by the relevant Declaration.  Plaintiffs go on, however, to argue that **certain** expenses enumerated in the counterclaim are barred by the Declaration.  Plaintiffs arguably admit that other certain expenses enumerated in the counterclaim would in fact be owed by plaintiffs to defendants.  Therefore, a wholesale denial of defendants' Motion to Amend, even on the plaintiffs' interpretation of the Declaration, is improper.

- 7 -

### III. The plaintiffs have not, and cannot, make a showing of bad faith.

Plaintiffs argue in their Brief that the counterclaim defendants seek to add must be made in bad faith, since it was first asserted during "unsuccessful settlement talks" (i.e., Mediation) after "this Court had already effectively disposed of Defendants' main argument in bar of liability." (Pl. Brief, p. 19). Preliminarily, as this Court is aware, defendants contended they had no liability to the plaintiffs by way of a third-party Complaint against the prior owners of the relevant building. With that said, defendants had no reason, prior to settlement talks with the plaintiffs, to broach the claims contained in the counterclaim. Further, as this Court is aware, Mediation was not impassed until March 12, 2014. Shortly after the impasse, defendants filed their Motion to Amend, as it became clear, at that point, that the issues contained in the counterclaim were not going to be resolved absent doing so. Nothing about this sequence of events is indicative of bad faith.

## CONCLUSION

For the reasons set forth in the Motion to Amend, as well as the reasons set forth herein, the defendants respectfully move this Court to grant their Motion to Amend.

This the 21st day of April, 2014.

/s/ Gary K. Sue
NC State Bar No. 13128
Burton, Sue & Anderson, L.L.P.
Post Office Box 20083
Greensboro, NC 27420
Telephone: (336) 275-0512
Attorney for Defendants
E-mail:**gary.sue@burtonandsue.com**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Amend was served upon all counsel of record by electronic transmission addressed as follows:

Mr. Michael L. Robinson
Mr. H. Stephen Robinson
Robinson & Lawing, LLP
101 North Cherry Street, Suite 720
Winston-Salem, NC  27101-4035
Telephone:  (336) 631-8500
Attorneys for Plaintiffs
E-mail:  **mrobinson@robinsonlawing.com**
         **srobinson@robinsonlawing.com**

This the 21st day of April, 2014.

>                         /s/ Gary K. Sue
>                         NC State Bar No. 13128
>                         Burton, Sue & Anderson, L.L.P.
>                         Post Office Box 20083
>                         Greensboro, NC  27420
>                         Telephone:  (336) 275-0512
>                         Attorney for Defendants
>                         E-mail:**gary.sue@burtonandsue.com**