UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:12-CV-906

| | |
|---|---|
| THE LOFTS AT ALBERT HALL CONDOMINIUM ASSOCIATION, INC. and JEFFREY L. SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br> VINTAGE OAKS II, a California Limited Partnership, BARTON/BOESPFLUG II, a California Limited Partnership, and BULKLEY INVESTORS, <br><br> Defendants. | PLAINTIFFS' RULE 12(c) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

NOW COME Plaintiffs, through counsel, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and respectfully move the Court for the entry of partial judgment on the pleadings. In support of their motion, and as more fully shown in Plaintiffs' supporting brief, based upon the pleadings and documents made of record in this case by the parties and the orders previously entered by this Court, Plaintiff is entitled to judgment on the pleadings on its Fifth Claim for Relief.

1.  The Lofts at Albert Hall Condominium ("the Condominium") is a condominium located on the sixth floor of Albert Hall, a mixed residential condominium and commercial rental building in downtown Winston-Salem. Plaintiffs are the condominium association ("the Association") and Jeff Smith ("Smith") one of the condominium owners. Defendants' are the owners of the remainder of Albert Hall. This

action arises from Defendants' breach and denial of their legal duty to replace the roof of Albert Hall which has damaged Plaintiffs.

2.　　This action was instituted on June 28, 2012 by the filing of an Application and Order extending time to file a complaint with the Forsyth County Superior Court Clerk.  Thereafter, a Complaint was timely filed on  July 13, 2012 (Doc 4).

3.　　Defendants removed this action on August 20, 2012. (Doc. 1) and thereafter filed a motion to dismiss for failure to state a claim (Doc. 11) with a  supporting brief (Doc. 12) and documents (Doc. 12-1 to 12-6).

4.　　Plaintiffs filed a First Amended Complaint (Doc. 13) and Defendants moved to dismiss the Amended Complaint (Doc. 15) for failure to state a claim with a supporting brief (Doc. 16) incorporating and relying upon the documents they previously filed as Doc. 12-1 to Doc. 12-6.

5.　　On February 21, 2013, this Court entered a two sentence Order (Doc. 27) denying Defendants' motion to dismiss.  Thereafter, Defendants filed an Answer and Third-Party Complaint against David Shannon, whose company developed Albert Hall, and Piedmont Institute for Research and Technology, LLC, the former owner of Albert Hall from whom Defendants purchased the building (Doc. 29), alleging that the Third Party Defendants were, in fact, the parties responsible for maintenance, repair, upkeep, and replacement of Albert Hall's roof.  (Doc. 37).

6.　　On July 15, 2013, this Court granted Third-Party Defendants' Motion to Dismiss and entered a Judgment dismissing the third-party complaint with prejudice. (Doc. 47 and 48).  Defendants gave notice of appeal of such Order and Judgment to the United States Court of Appeals for the Fourth Circuit on or about August 13, 2013 (Doc 52 and 54).  On September 27, 2013, the United States Court of Appeals for the Fourth Circuit issued an order granting Defendants' motion to dismiss their appeal (Doc. 63) and the Fourth Circuit's mandate to this Court (Doc. 64) issued on that same date.

7. Plaintiff's Fifth Claim for Relief seeks a judicial declaration pursuant to 28 U.S.C. § 2201 of the legal rights and obligations of the parties to this action with respect to the repair, maintenance and replacement of the roof of Albert Hall. Based upon the pleadings and papers made of record by the parties and the Orders entered by this Court, Plaintiffs are entitled to judgment on the pleadings on their Fifth Claim for Relief.

8. Defendants' assert various Affirmative Defenses alleging that third parties and/or Plaintiffs are responsible for some or all of the cost of replacing the roof of Albert Hall. Those contentions are likewise subject to resolution by entry of a declaratory judgment pursuant to Plaintiff's Fifth Claim for Relief interpreting the respective rights of the parties under the Declaration with regard to the subject matter of the Complaint.

9. This motion is timely, in that the pleadings are closed, the deadline for filing dispositive motions has not expired and the consideration of this motion will not unduly delay trial, which is set for January 15, 2015 (Doc. 51).

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Enter judgment on the pleadings against Defendants on their First, Second, Fourth, Tenth and Twelfth Affirmative Defenses; and,

2. Enter a declaratory judgment on the pleadings for Plaintiff on its Fifth Claim for Relief ruling that:

   a. Defendants are the owners of the entirety of Albert Hall in fee simple absolute excepting only the parts dedicated to the Lofts by the Declaration;

   b. As a matter of law, Defendants are the successors in interest to the developer of Albert Hall and thus are, jointly and severally "the Declarant" for purposes of the Declaration without regard to the meaning assigned to the term "Declarant" by the North Carolina Condominium Act;

   c. As successors in right, title, and interest to the party denominated "Declarant" in the Declaration, and having taken title to Albert Hall with actual and constructive notice of both the existence of the Condominium

3

  and of the Declaration, Defendants' are legally responsible for all of the obligations undertaken by "Declarant" in the Declaration;

d. The roof of Albert Hall is a "structural component" of the building; and,

e. Pursuant to subsections 14.9(c) and 14.9(h) of the Declaration, Defendants, and no others, are responsible for replacing the roof of Albert Hall at their sole cost and expense if such is necessary to keep the building in good order and safe condition and necessary to maintain the value of the Condominium.

3. Plaintiffs further request that the Court such other relief as to the Court seems necessary and proper.

Date: May 1, 2014.

          /s/ Michael L. Robinson
          Michael L. Robinson, N.C. Bar No. 9438

          /s/ H. Stephen Robinson
          Stephen Robinson, N.C. Bar No. 18401
          Counsel for Plaintiffs

OF COUNSEL:

ROBINSON & LAWING, L.L.P.
101 North Cherry Street, Suite 720
Winston-Salem, North Carolina 27101-4035
Telephone: (336) 631-8500
Facsimile: (336) 631-6999
Email: mrobinson@robinsonlawing.com
   srobinson@robinsonlawing.com

CERTIFICATE OF SERVICE

     I, H. Stephen. Robinson, hereby certify that on this date I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Gary Sue
>Burton Sue & Anderson, LLP
>Gary.Sue@burtonandsue.com

          /s/ H. Stephen Robinson
          H. Stephen Robinson, NC Bar No. 18401

OF COUNSEL:

ROBINSON & LAWING, LLP
101 N. Cherry St., Ste. 720
Winston-Salem, NC 27101
Tel: (336) 631-8500
Fax: (336) 631-6999
Email: srobinson@robinsonlawing.com