IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

The Lofts at Albert Hall Condominium Association, Inc. and Jeffrey L. Smith,

Plaintiffs,

vs.

Vintage Oaks II, a California Limited Partnership; Barton/Boespflug II, a California Limited Partnership; and Bulkley Investors,

Defendants.

Civil Action No. 1:12-CV-906

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE**

**COME NOW** the defendants, Vintage Oaks II, Barton/ Boespflug II and Bulkley Investors (collectively, the "**Defendants**"), by and through counsel, and respond to the Plaintiffs' Memorandum of Law in support of their Motion to Strike Defendants' Reply to Plaintiffs' Response in Opposition to Motion to Amend or for Leave to File a Surreply as follows:

**FACTS**

This cause of action was filed on June 28, 2012. (Doc. 8). An Amended Complaint was filed on September 26, 2012.

(Doc. 13). The Parties entered into a Joint Rule 26(f) Report on June 10, 2013, and the Court entered the same as a Scheduling Order on June 12, 2013. (Doc. 42, 43). The schedule was amended, by consent, on November 11, 2013. (Doc. 66).

On March 14, 2014, Defendants filed a Motion to Amend their Answer to assert a counterclaim against Plaintiffs. (Doc. 67). Defendants did not contemporaneously file a brief; however, the Motion stated the grounds and authority for granting the Motion. (Doc. 67). Plaintiffs filed a Response to the Motion to Amend on April 7, 2014, and Defendants filed a Reply on April 21, 2014. (Doc. 69, 70). Plaintiffs filed the Motion to Strike and supporting Memorandum which is the subject of the Court's present consideration on April 22, 2014. (Doc. 71, 71).

## ARGUMENT

### I. The Plaintiffs' Motion to Strike should be denied.

M.D.N.C. LR 7.3 provides, in relevant part:

> MOTION PRACTICE
> (a) Form. All **motions,** unless made during a hearing or at trial, shall be in writing and **shall be accompanied by a brief except as provided in**

**section (j) of this rule**. Each motion shall be set out in a separate pleading.

(b) Content. All **motions shall state with particularity the grounds therefor, shall cite any statute or rule of procedure relied upon, and shall set forth the relief or order sought.**

...

(f) Response to Motion and Brief. The **respondent, if opposing a motion, shall file a response, including brief**, within 21 days after service of the motion ...

...

(h) Reply Brief. **A reply brief may be filed within 14 days after service of the response**. A reply brief is limited to discussion of matters newly raised in the response.

...

(j) Motions Not Requiring Briefs. **No brief is required by either movant or respondent**, unless otherwise directed by the Court, **with respect to the following motions: ... (5) to amend the pleadings; ...** The above motions, while not required to be accompanied by a brief, must state good cause therefor and cite any applicable rule, statute, or other authority justifying the relief sought. These motions must be accompanied by a proposed order.

M.D.N.C. LR 7.3 (emphasis added).

In short, the Local Rules provide for the exact situation which arose here: Defendants filed a Motion to Amend, citing good cause and the relevant rule and statute justifying the relief sought. Plaintiffs then, deciding to oppose the motion, filed their response brief in opposition,

to which the Defendant filed a Reply, responding only to the matters raised in the response brief.

Notwithstanding Defendants' compliance with the Local Rules, Plaintiffs now seek to strike the Reply Brief of Defendants. In so doing, Plaintiffs cite only to cases which are factually dissimilar to the situation presented here.

For example, Plaintiffs repeatedly cite to Tyndall v. Manor, 288 F.R.D. 103 (2013)[1] for the proposition that an un-briefed Motion to Amend somehow deprives the movant of the right to file a Reply. In Tyndall, however, (1) the Scheduling Order had a specific deadline on which to file a Motion to Amend; and (2) in its Motion to Amend, the Defendant cited **no cause whatsoever** for its Motion, stating simply "Defendant requests leave to amend his Answer to further plead as an Affirmative Defense the Doctrine of Sudden Emergency." Id. On these facts, when the Defendant thereafter filed a Reply Brief and "offered arguments regarding the purported legitimacy and applicability of his

[1]This case was mis-cited in Plaintiffs' Brief as 200 F.R.D. 103.

proposed new affirmative defense," the Court found that such a brief was inappropriate and denied the Motion to Amend.[2] Id. at 108. In the present case, however, Defendants included in their Motion the exact bases on which they sought to amend: justice so requires the amendment, materials relevant to the counterclaim have already been exchanged by the parties, and the amendment would not delay the trial in this matter. Therefore, Defendants submit to this Court that Tyndall is inapplicable.

Likewise, Plaintiffs seek to use as authority myriad other cases which are factually dissimilar to the issues presented here. For example, in IHFC Properties, LLC v. APA Mktg., Inc., 850 F.Supp.2d 604, 612 (M.D.N.C. 2012), a brief was stricken for failure to comply with page limits, which has absolutely nothing to do with the arguments asserted by Plaintiffs in their Motion to Strike in this case. Similarly, in Triad Int'l Maintenance Corp v. Aim Aviation, Inc., 473 F.Supp.2d 666, 670 (M.D.N.C. 2006), an argument in the reply which was not contained in the initial brief was

[2]Of note, the Court did not strike the Defendant's Reply Brief in Tyndall.

deemed not properly before the Court. Defendants respectfully submit to this Court that the **<u>only</u>** arguments submitted in its reply brief were those contained in its Motion to Amend: justice so requires the amendment, materials relevant to the counterclaim have already been exchanged by the parties, and the amendment would not delay the trial in this matter. Defendants then replied to the Plaintiff's contentions set forth in their Response, specifically that the pleadings had closed and, therefore, Defendants were required to satisfy some burden other than the one set forth in the Motion to Amend. Defendants then also replied to Plaintiffs' contentions that the amendment was futile and made in bad faith. Defendants did not, however, put forth any "new" arguments in support of the Motion to Amend. The basis of the Motion to Amend is simply set forth in the Motion: justice so requires the amendment, materials relevant to the counterclaim have already been exchanged by the parties, and the amendment would not delay the trial in this matter. The next case cited by Plaintiffs, <u>Jarvis v. Stewart</u>, 2005 WL 3088589 (M.D.N.C. 2005), is also factually dissimilar to the issues presented

here. In Jarvis, the Court failed to consider grounds for granting the motion where the grounds were first set forth in the Reply Brief. Id. In the present case, however, the grounds for granting the Motion were set forth in the Motion. Similarly, in U.S. v. Duke Energy Corp., 218 F.R.D. 468, 472 (M.D.N.C. 2003), cited by Plaintiffs, the Court failed to consider "new arguments" set forth in the Reply Brief. Again, in the present case, Defendant made no "new arguments" in its Reply Brief. Finally, in Buser v. Southern Food Service, Inc., 73 F.Supp.2d 556, 569 (M.D.N.C.), the Court, in a footnote, stated that it did not consider issues raised for the first time in a Reply Brief. As previously stated, that is simply not the case here.

In short, Plaintiffs have not cited a single case which is factually similar to the present case. Likewise, the relevant rule provides for the exact scenario here: Defendants filed a Motion to Amend, citing grounds and authority therein. Plaintiffs, thereafter, in opposing the Motion to Amend, filed a responsive brief, and Defendants replied to the new matters raised therein. Plaintiffs have not, and cannot, cite to authority striking a reply brief

under these circumstances and, therefore, their Motion to Strike should be denied.

**II. The Plaintiffs' Motion for Leave to file a Reply, and to force Defendants to pay for counsel's time in preparing the Reply, should be denied.**

Preliminarily, Plaintiffs argue that they were left to "guess" as to the arguments Defendants planned to make in support of their Motion to Amend until Defendants filed their Reply Brief. As set forth multiple times previously, Defendants set forth the basis of their Motion to Amend in their Motion: justice so requires the amendment, materials relevant to the counterclaim have already been exchanged by the parties, and the amendment would not delay the trial in this matter. No guesswork was therefore required. For this reason, Plaintiffs' motion to file a Reply should be denied.

Further, in support of their Motion to File a Reply, Plaintiffs cite, again, to a case that is factually dissimilar to the issues here. In Hansen v. Freedom Mobility, Inc., 2009 WL 3784958 (W.D.N.C.), a party filed an un-briefed **Motion to Compel**. Id. It is undisputed that the Local Rules require a brief in support of such a Motion, and do not require a brief in support of a Motion to Amend.

Further, in Hansen, the Motion itself was filed "without citations to authority, and without developed explanation for the alleged basis for their requests." Id. at 1. In the present case, Defendants' Motion cited to such authority and bases, and such bases comport with the relevant Scheduling Order agreed to by the parties. Finally, in Hansen, the Court ultimately **did not consider** the reply brief and **denied** the Defendants' motion for attorney's fees. In the present case, Plaintiffs move this Court to (1) allow them to file a Reply; and (2) force Defendants to pay for counsel's time in doing so. Such a request is simply not supported by the authority Plaintiffs cite to, or to Defendants' knowledge, any other authority. In fact, Plaintiffs have not cited to **any** authority which supports allowing a party to file a Reply **or** forcing the opposing party to pay for the time spent on such a Reply. Therefore, Plaintiffs' Motion to File a Reply and for attorney's fees should be denied.

**CONCLUSION**

For the reasons set forth herein, the Defendants respectfully move this Court to deny Plaintiffs' Motion to Strike, Motion to File a Reply, and for attorney's fees.

This the 13th day of May, 2014.

/s/ Gary K. Sue
NC State Bar No. 13128
Burton, Sue & Anderson, L.L.P.
Post Office Box 20083
Greensboro, NC 27420
Telephone: (336) 275-0512
Attorney for Defendants
E-mail:gary.sue@burtonandsue.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendants' Response to Plaintiffs' Motion to Strike was served upon all counsel of record by electronic transmission addressed as follows:

Mr. Michael L. Robinson
Mr. H. Stephen Robinson
Robinson & Lawing, LLP
101 North Cherry Street, Suite 720
Winston-Salem, NC 27101-4035
Telephone: (336) 631-8500
Attorneys for Plaintiffs
E-mail: mrobinson@robinsonlawing.com
srobinson@robinsonlawing.com

This the 13th day of May, 2014.

/s/ Gary K. Sue
NC State Bar No. 13128
Burton, Sue & Anderson, L.L.P.
Post Office Box 20083
Greensboro, NC 27420
Telephone: (336) 275-0512
Attorney for Defendants
E-mail: gary.sue@burtonandsue.com