IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| The Lofts at Albert Hall Condominium Association, Inc. and Jeffrey L. Smith,<br><br>Plaintiffs,<br><br>vs.<br><br>Vintage Oaks II, a California Limited Partnership; Barton/Boespflug II, a California Limited Partnership; and Bulkley Investors,<br><br>Defendants. | Civil Action No. 1:12-CV-906<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

**COME NOW** the Defendants, Vintage Oaks II, Barton/Boespflug II and Bulkley Investors (collectively, the "**Defendants**"), by and through counsel, and respond to the Plaintiffs' Motion for Partial Judgment on the Pleadings as follows:

**FACTS**

The property which is the subject of this action, "Albert Hall," is a six story building located at 101 N. Chestnut Street in Winston-Salem, Forsyth County, North Carolina. (R. 12-2). The top floor of Albert Hall is comprised of condominium units. (R. 13). Plaintiffs to this

action are the Condominium Association, as well as one individual condominium unit owner. (R. 13). Defendants are the owners of the remainder of Albert Hall, subject to the Declaration of Condominium of the Lofts at Albert Hall Condominium and the Amendments and Exhibits thereto. (R. 29; **Ex. 1**).

Plaintiffs' asserted basis for the present Motion is that, pursuant to the Declaration, "the roof of Albert Hall is worn out, leaking and in dire need of replacement, that under the terms of the Declaration of Condominium of the Lofts at Albert Hall Condominium [], Defendants are required to replace it and that Defendants have refused to do so for no legally sufficient or comprehensible reason other than to force Plaintiffs to incur the expense of seeking the entry of a Declaratory Judgment requiring them to do so." (R. 74 - Pl. Brief). Interestingly, there is no cite to the record for the proposition either (1) that the roof needs replacing, or (2) that Defendants have refused to do so without reason. Nevertheless, it is upon this assertion that Plaintiffs base their present Motion. Specifically, Plaintiffs move this Court to grant, pursuant to Rule 12(c)

of the Federal Rules of Civil Procedure, for Judgment on the Pleadings with respect to their Fifth Claim for Relief as set out in the Amended Complaint: a judicial declaration of the legal rights and obligations of the parties to this action with respect to the repair, maintenance and replacement of the roof of Albert Hall.  In actuality, it appears from the arguments put forth in the Motion and supporting Brief that what Plaintiffs seek is a declaration from this Court that Defendants must replace the roof of Albert Hall.[1]

Plaintiffs, in their Motion, also ask this Court to enter judgment on the pleadings against Defendants on their

---

[1]See Pl. Brief P. 15.  "...Albert Hall's owners must do whatever is necessary to keep the condition of the building...from reducing the value of the condominium. Necessarily, this includes replacing th building's roofing system when it has outlived its useful life."  (R. 74).  See also Pl. Motion, Prayer for Relief (e): "Plaintiffs respectfully request that the Court enter a declaratory judgment...that...Defendants, and no others, are responsible for replacing the roof of Albert Hall at their sole cost and expense..."  (R. 73).

First, Second, Fourth, Tenth and Twelfth Affirmative Defenses.

Also currently pending before this Court is Defendants' Motion to Amend their Answer to assert a counterclaim against the Association for expenses owed under the Declaration. (R. 67).

**ARGUMENT**

**I. Standard of Review**

In explaining this Court's review process, Plaintiffs cite to Preston v. Leake, 629 F. Supp. 2d 517, 521 (E.D.N.C. 2009). In Preston, with respect to the standard of review on a 12(c) Motion, stated:

> Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings, "[a]fter the pleadings are closed — but early enough not to delay trial." Fed.R.Civ.P. 12(c). A Rule 12(c) motion is designed to dispose of cases **when the material facts are not in dispute** and the court can judge the case on its merits by considering the pleadings and any attachments to the pleadings and materials referenced, which are incorporated into the pleadings by Rule 10(c). See Fed.R.Civ.P. 10(c). In general, such motions are disfavored unless the movant clearly establishes that **no material fact is disputed** and that movant is entitled to judgment as a matter of law. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1368 (Supp.2006).

Id.; emphasis added. As set forth herein, the present Motion is not ripe. The pleadings are not closed, as Defendants' Motion to Amend has not yet been ruled upon.

Nevertheless, should this Court determine Plaintiffs' Motion is ripe for review, Plaintiffs must still establish that there is no material fact in dispute, and they are entitled to judgment, as a matter of law, as to the legal rights and obligations of the parties to this action with respect to the repair, maintenance and replacement of the roof of Albert Hall.

## II. Plaintiffs cannot show this Court they are entitled to judgment on the pleadings with respect to their Fifth Claim for Relief.

### A. Plaintiffs cannot show this Court that the roof of Albert Hall needs to be replaced.

Again, while Plaintiffs, in their Motion, move this Court to make a determination as to the Defendants' obligations under the Declaration, a closer reading of their Motion and Brief makes clear that they actually seek a declaration from this Court that Defendants must replace the roof of Albert Hall.

Plaintiffs, in their Brief, cite to <u>Cherry, Bekaert & Holland v. Downs</u>, 640 F. Supp. 1096, 1102 (W.D.N.C. 1986), for the proposition that "[a] proceeding in the nature of declaratory judgment is a form of remedial procedure which is particularly appropriate where the basic issue underlying the Plaintiff's action is the interpretation or construction of a contract, and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate as in this case." <u>Id.</u> It is important to note, however, that in <u>Cherry</u>, the parties **stipulated to the facts** of the case. We have no such stipulation here. In fact, Plaintiffs have not, and cannot, cite to a single pleading, or attachment thereto, which supports the proposition that the roof of Albert Hall needs to be replaced.

On this issue, Plaintiffs cite to the following "evidence": "Defendants admit that their ownership interest is memorialized by the Deeds. Answer ¶ 6. Defendants admit that they are bound by the Declaration. ¶ 10, 29. Defendants admit that the roof has experienced leaks, affecting lower levels of Albert Hall. ¶ 12." Based solely

upon this recitation, Plaintiffs come to the wholesale conclusion that "[a]s a matter of law, these theories present no bar to entry of judgment on Plaintiffs' Fifth Claim for Relief." Simply put: Plaintiffs have not put forth one scintilla of evidence from which this Court could determine that the roof of Albert Hall needs to be replaced. For this reason, Defendants respectfully move this Court to deny Plaintiffs' Motion for Partial Judgment on the pleadings.

**B. Plaintiffs' arguments that prior orders in this case constitute "law of the case" are inapplicable to the court's consideration here.**

It is undisputed that Defendants purchased Albert Hall from PIRT, a previous third-party defendant to the present action. It is equally undisputed that Defendants contend that PIRT never properly transferred its special declarant rights to Defendants at the time of purchase. Plaintiffs assert that, as a matter of law, Defendants succeeded to PIRT's obligations, specifically to replace the roof, under the relevant Declaration because this Court dismissed PIRT from this suit, finding "the fact that PIRT never transferred its Special Declarant Rights is not relevant to

- 7 -

this case." (R. 47). Plaintiffs, however, assert that "[t]his Court's ruling at ECF No. 48 that PIRT transferred any obligation it had to maintain the roof of Albert Hall to Defendants when it transferred ownership interest in Albert Hall to them is therefore the law of the case." (R. 74, PL. Brief p. 7). On this basis, Plaintiffs move the Court to enter judgment on the pleadings with respect to Defendants' First, Second and Fourth Affirmative Defenses.

Nowhere in the Court's Order or Judgment, however, does the Court state that PIRT's obligation to replace the roof transferred to Defendants. (R. 47, 48). The Court's statement was that the transfer was not relevant to this case. Therefore, any argument that the transfer of obligation to replace the roof is "the law of the case" is without merit, and the Plaintiffs' Motion for judgment on the pleadings with respect to Defendants' First, Second and Fourth Affirmative Defenses should be denied.

**C. Plaintiffs cannot show this Court that, if the roof needs to be replaced, that Defendants are required to replace it.**

In <u>Lynn v. Lynn</u>, 202 N.C. App. 423, 431, 689 S.E.2d 198, 205 (2010), a case also cited by the Plaintiffs, the Court, with respect to a court's role in reviewing a contract, stated:

> 'It is the general law of contracts that the purport of a written instrument is to be gathered from its four corners, and the four corners are to be ascertained from the language used in the instrument.' <u>Carolina Power & Light Co. v. Bowman</u>, 229 N.C. 682, 693-94, 51 S.E.2d 191, 199 (1949). 'When the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court ... and the court cannot look beyond the terms of the contract to determine the intentions of the parties.' <u>Piedmont Bank & Trust Co. v. Stevenson</u>, 79 N.C. App. 236, 240, 339 S.E.2d 49, 52, <u>aff'd per curiam</u>, 317 N.C. 330, 344 S.E.2d 788 (1986). However, '[e]xtrinsic evidence may be consulted when the plain language of the contract is ambiguous.' <u>Brown v. Ginn</u>, 181 N.C. App. 563, 567, 640 S.E.2d 787, 790 (2007) (citations omitted). ... The court must not, however, 'under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein.' <u>Woods v. Nationwide Mut. Ins. Co.</u>, 295 N.C. 500, 506, 246 S.E.2d 773, 777 (1978).

<u>Id.</u> Preliminarily, Plaintiffs argue that Defendants are required to replace the roof of Albert Hall because the "floor plans" attached to the Declaration set the "boundaries" of the condominium property submitted to the

- 9 -

Case 1:12-cv-00906-CCE-JLW   Document 79   Filed 06/05/14   Page 9 of 17

Declaration, and "no provision of the Declaration...can reasonably be construed as indicating that the roof...[is] owned by anyone other than Defendants." (R. 74, Pl. Brief P. 9). As is clear from the Declaration and exhibits, however, the term "boundary" is not used a single time. Rather, **the Property** submitted to the Declaration is set forth in the Declaration, Section 1.16:

> The real estate submitted to the Act by this Declaration of Condominium, being all of the sixth level (top floor) of th building known as "Albert Hall" (there are a total of six levels in such building) and an adjoining elevator tower and lobby area (located on land described on attached exhibit A-2) as more fully described in the Floor Plans and including all rights, privileges, easements and appurtenances belonging to or in any way pertaining to said real estate, and further including any real estate submitted to the Act by amendment to this Declaration.

The floor plans reference the elevation of the floor and ceiling, but by no means limit the "boundaries" of the condominium to the floor and ceiling. Likewise, later in the Declaration, and specifically at Section 14.9(h), the Declaration states:

> The **Association shall**, at its sole cost and expense, keep its common elements in good order and safe condition, and shall make or cause to be made all repairs therein and thereon, interior and

> **exterior**, structural and nonstructural, ordinary
> and extraordinary, necessary to keep same in good
> order and safe condition, howsoever the necessity
> or desirability thereof may occur, and whether or
> not necessitated by wear, tear, obsolence or
> defects, blatant or otherwise, and the Association
> shall further be required not to suffer or commit,
> and to use all reasonable precaution to prevent,
> waste to such common elements.

Common elements is defined at Section 1.6 as:

> All portions of the Condominium except the Units.

With that said, the Declaration explicitly contemplates **exterior** repairs, in direct contradiction to the Plaintiffs' position that the floor plans referenced constitute some sort of "boundary" defining the Plaintiffs' obligations.

Plaintiffs further reference an earlier portion of Section 14.9(h) in support of their proposition that Defendants are obligated to replace the roof. Specifically, Plaintiffs cite to the following portion of Section 14.9(h):

> For the benefit of maintaining the value of the
> Condominium, **Declarant shall**, at its sole cost and
> expense, keep all portions of the property
> described on Exhibit A attached hereto, including
> all portions of the building or buildings within
> which the condominium is located, **with the
> exception of the Property**, in good order and safe
> condition, and make all repairs therein and
> thereon, interior and exterior, structural and
> nonstructural, ordinary and extraordinary,
> necessary to keep same in good order and safe

- 11 -

condition, howsoever the necessity or desirability thereof may occur, and whether or not necessitated by wear, tear, obsolence or defects, blatant or otherwise, and Declarant further agrees that it shall not suffer or commit, and shall use all reasonable precaution to prevent, waste to the same.

While the Defendants do, pursuant to the Declaration, have obligations concerning Albert Hall, those obligations are with the exception of **the Property** submitted to the Declaration. As previously set forth, that "property" is not in any way limited to the condo units themselves, and the Declaration specifically contemplates that this "property" includes some exterior portion of the building, which could be construed to include the roof.

Plaintiffs next argue that Defendants' obligations under the Declaration **must** include replacement of the roof. Toward that end, Plaintiffs first argue that the portion of the Declaration which sets out Defendants' obligations includes the statement that "all structural components of the building **other than those submitted to the Act**" should be maintained in "good and safe condition." (Section 14.9 (c)). Plaintiffs next argue that Defendants' obligations under the Declaration must include replacement of the roof

because Comment 6 to N.C.G.S. § 47C-2-101 states that "'structural components' is generally understood to include...[the] roof." Id.

Defendants respectfully show unto this Court, however, that (1) only structural components which are **not** submitted to the Act would fall under the obligations accepted by Defendants, and as set forth previously, it cannot be unequivocally stated that the roof does not fall within the "property" submitted to the Act, thereby falling within the obligations accepted by Plaintiffs; and (2) that the Association specifically agreed to "at its sole cost and expense, keep its common elements in good order and safe condition, and shall make or cause to be made all repairs therein and thereon, interior and exterior, **structural** and nonstructural..." (Section 14.9(h)). Therefore, while a "structural component" may indeed include the roof, the question of the obligation to replace the roof remains.

It is apparent from the positions of the parties that the central issue for the Court's consideration is: who is responsible for replacing the roof? Moreover, it is also apparent that the contract at issue, set out in relevant

part above, is ambiguous as to whether the Association is responsible for replacing the roof, or the Declarant (i.e.: Defendants). Therefore, pursuant to the Court's decision in Lynn, unless Plaintiffs come forward with extrinsic evidence to show this Court that the parties' bargained-for exchange requires Defendants to replace the roof at Albert Hall, this Court must deny the present Motion. Defendants respectfully submit to this Court that no such evidence has been presented. Therefore, the Defendants respectfully move this Court to deny the Plaintiffs' Motion for partial judgment on the pleadings.

**III. Plaintiffs put forth no basis or argument in support of their request that this Court enter judgment on the pleadings against Defendants on their Tenth and Twelfth Affirmative Defenses and, therefore, that Motion should be denied.**

It is undisputed that the Local Rules for the Middle District of North Carolina require a supporting Brief for all Motions for Judgment on the Pleadings. See M.D.L.R. 7.3(j). It is equally undisputed that the supporting Brief "shall contain:...the argument, which shall refer to all statutes, rules and authorities relied upon." See M.D.L.R. 7.2(a)(4). "A motion unaccompanied by a required brief may,

in the discretion of the Court, be summarily denied." See M.D.L.R. 7.3(k).

Here, while the Plaintiffs, in their prayer for relief, move this Court to enter judgment on the Tenth and Twelfth affirmative defenses of the Defendants, no arguments in support of this prayer were advanced in the supporting Brief. Therefore, that portion of the Motion must be considered unbriefed. For this reason, pursuant to the Local Rules, Defendants respectfully move this Court to deny the Plaintiffs' Motion for Judgment on the Pleadings with respect to Defendants' Tenth and Twelfth Affirmative Defenses.

## **CONCLUSION**

In sum, the Declaration at issue does not set out in any way, explicit or otherwise, the entity to whom the obligation to replace the roof of Albert Hall belongs. For this reason, and because (1) there is no evidence the roof of Albert Hall needs to be replaced; (2) the "law of the case" has neither been established nor shown to be applicable to the facts of this case; and (3) the relevant Declaration does not require Defendants to replace the roof

of Albert Hall, Defendants respectfully move this Court to deny Plaintiffs' Motion for Partial Judgment on the Pleadings.

Further, because Plaintiffs advanced no arguments in support of their Motion for Judgment on the Pleadings with respect to Defendants' Tenth and Twelfth Affirmative Defenses, Defendants respectfully move this Court to deny Plaintiffs' Motion for Partial Judgment on the Pleadings.

This the 5th day of June, 2014.

/s/ Gary K. Sue
NC State Bar No. 13128
Burton, Sue & Anderson, L.L.P.
Post Office Box 20083
Greensboro, NC  27420
Telephone:  (336) 275-0512
Attorney for Defendants
E-mail:**gary.sue@burtonandsue.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Response to Plaintiffs' Motion for Partial Judgment on the Pleadings was served upon all counsel of record by electronic transmission addressed as follows:

Mr. Michael L. Robinson
Mr. H. Stephen Robinson
Robinson & Lawing, LLP
101 North Cherry Street, Suite 720
Winston-Salem, NC  27101-4035
Telephone:  (336) 631-8500
Attorneys for Plaintiffs
E-mail:  **mrobinson@robinsonlawing.com**
        **srobinson@robinsonlawing.com**

This the 5th day of June, 2014.

/s/ Gary K. Sue
NC State Bar No. 13128
Burton, Sue & Anderson, L.L.P.
Post Office Box 20083
Greensboro, NC  27420
Telephone:  (336) 275-0512
Attorney for Defendants
E-mail:**gary.sue@burtonandsue.com**

- 17 -