Defendants' Amended Responses to Plaintiffs' Requests for
Admission, Served May 13, 2014

and

Plaintiffs' Requests for Admission and Attached Documents,
Served April 11, 2014

*The Lofts at Albert Hall Condominium, Inc. v. Vintage Oaks II, a California Limited
Partnership,* 1:12-CV-906 (M.D.N.C.)

Defendants' Amended Responses to Plaintiffs' Requests for
Admission, Served May 13, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

|  |  |
|---|---|
| The Lofts at Albert Hall Condominium Association, Inc. and Jeffrey L. Smith, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Vintage Oaks II, a California Limited Partnership; Barton/Boespflug II, a California Limited Partnership; and Bulkley Investors, )<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 1:12-CV-906<br><br>**DEFENDANTS' AMENDED RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION** |

**COME NOW** the defendants, by and through counsel and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and after conferring with counsel for the plaintiffs, and hereby amend their responses to the Plaintiffs' Requests for Admission as follows:

1.    The document attached hereto as Exhibit 1 is a true, accurate and complete reproduction of a genuine original document filed in the records of the Forsyth County Register of Deeds at Book 2756, Page 333.

**RESPONSE:**  Upon information and belief, admitted.

**AMENDED RESPONSE: Admitted.**

2.    Defendants own the property described in Exhibit A to Exhibit 1.

**RESPONSE:**  Admitted.

3.    Defendants obtained title to the property described in Exhibit A to Exhibit 1 from PIRT.

**RESPONSE:**  It is admitted that Exhibit 1 to the Requests for Admission speaks for itself with respect to the interest(s) conveyed from PIRT to defendants.  Except as herein admitted, denied.

**AMENDED RESPONSE: Admitted.**

4.    Defendants are legally bound by the Declaration of Condominium of the Lofts at Albert Hall Condominium (hereinafter "the Declaration").

**RESPONSE:**  It is admitted that "the Declaration" is a legal document, and that said document is the best evidence of its contents with respect to what the parties are "legally bound" to. Except as herein admitted, denied.

**AMENDED RESPONSE:  Admitted that the parties are legally bound by the Declaration of Condominium of the Lofts at Albert Hall Condominium (hereinafter "the Declaration").**

5.    The document attached hereto as Exhibit 2 is a true, accurate and complete reproduction of a genuine original document.

- 2 -

**OBJECTION:** Irrelevant, immaterial, and not reasonably calculated to lead to the discovery of any admissible evidence. Subject to, and without waiving the objection:

**RESPONSE:** Request 5 is unintelligible to the extent that the answering defendants cannot discern what is being sought by way of the request. Therefore, denied.

**AMENDED RESPONSE: OBJECTION:** Irrelevant, immaterial, and not reasonably calculated to lead to the discovery of any admissible evidence. Subject to, and without waiving the objection: it is admitted that the document attached hereto as Exhibit 2 is a true and complete reproduction of an original document. Except as herein admitted, denied, in that the answering defendants, after reasonable inquiry, are without sufficient knowledge or information to admit that the document is accurate or genuine.

6. The document attached hereto as Exhibit 2 is a copy of correspondence sent to counsel for Plaintiff by Viking Properties.

**OBJECTION:** Irrelevant, immaterial, and not reasonably calculated to lead to the discovery of any admissible evidence. Subject to, and without waiving the objection:

**RESPONSE:** It is admitted that Exhibit 2 is a document which speaks for itself. Except as herein admitted, denied.

- 3 -

AMENDED RESPONSE: OBJECTION:  Irrelevant, immaterial, and not reasonably calculated to lead to the discovery of any admissible evidence. Subject to, and without waiving the objection: admitted.

7.   The Roof has experienced roof leaks over the last several years.

RESPONSE:  It is admitted that leaking has been reported in the building referenced in Exhibit 1 over the last several years. Except as herein admitted, denied.

AMENDED RESPONSE:  It is admitted that the building referenced in Exhibit 1 has experienced leaking over the last several years.  Except as herein admitted, denied.

8.   The Roof continues to experience roof leaks when it rains.

RESPONSE:  It is admitted that, when it rains, leaks are reported to defendants.  Except as herein admitted, denied.

AMENDED RESPONSE:  It is admitted that the building referenced in Exhibit 1 continues to experience leaking.  Except as herein admitted, denied.

9.   The Roof is past its expected useful life.

RESPONSE:  Denied for lack of knowledge or information.

AMENDED RESPONSE:  After reasonable inquiry, the information known or can readily be obtained is insufficient to enable the

answering defendants to admit or deny the request and, therefore, the request is denied.

10.  The Roof is past its useful life.

**RESPONSE:**  Denied for lack of knowledge or information.

**AMENDED RESPONSE:**  After reasonable inquiry, the information known or can readily be obtained is insufficient to enable the answering defendants to admit or deny the request and, therefore, the request is denied.

11.  The Roof needs to be replaced.

**RESPONSE:**  Denied for lack of knowledge or information.

**AMENDED RESPONSE:**  After reasonable inquiry, the information known or can readily be obtained is insufficient to enable the answering defendants to admit or deny the request and, therefore, the request is denied.

This the 13th day of May, 2014.

/s/ Gary K. Sue
NC State Bar No. 13128
Burton, Sue & Anderson, L.L.P.
Post Office Box 20083
Greensboro, NC  27420
Telephone:  (336) 275-0512
Attorney for Defendants
E-mail:**gary.sue@burtonandsue.com**

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Amended Responses to Plaintiffs' Requests for Admission was served upon all counsel of record by electronic transmission, and by U.S. First-Class Mail, postage prepaid, addressed as follows:

Mr. Michael L. Robinson
Mr. H. Stephen Robinson
Robinson & Lawing, LLP
101 North Cherry Street, Suite 720
Winston-Salem, NC 27101-4035
Telephone: (336) 631-8500
Attorneys for Plaintiffs
**E-mail: <u>mrobinson@robinsonlawing.com</u>**
          **<u>srobinson@robinsonlawing.com</u>**
**AND U.S. FIRST-CLASS MAIL**

This the 13th day of May, 2014.

                              /s/ Gary K. Sue
                              NC State Bar No. 13128
                              Burton, Sue & Anderson, L.L.P.
                              Post Office Box 20083
                              Greensboro, NC 27420
                              Telephone: (336) 275-0512
                              Attorney for Defendants
                              E-mail:**<u>gary.sue@burtonandsue.com</u>**

Plaintiffs' Requests for Admission and Attached Documents,
Served April 11, 2014

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:12-CV-906

| | |
|---|---|
| THE LOFTS AT ALBERT HALL CONDOMINIUM ASSOCIATION, INC. AND JEFFREY L. SMITH,<br><br>      **Plaintiffs,**<br><br>      **vs.**<br><br>VINTAGE OAKS II, A CALIFORNIA LIMITED PARTNERSHIP, BARTON/BOESPFLUG II, A CALIFORNIA LIMITED PARTNERSHIP, AND BULKLEY INVESTORS,<br><br>      **Defendants.** | |

## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANTS

Now come Plaintiffs, through counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure and request that Defendants admit the following requests for admission.

### INSTRUCTIONS

1.    The documents attached hereto as exhibits are marked as exhibits for purpose of identification. Except as a means for identifying the document to which a request refers, such exhibit marking should be ignored for purposes of admitting, denying or otherwise responding to these requests.

2.    Exhibit 2 attached hereto includes an electronic file stamp at the bottom of each page added by the Court's Electronic Filing System. Such electronic file stamp should be should be ignored for purposes of admitting, denying or otherwise responding to these requests.

## DEFINITIONS

1.     "The Roof" means the portion of the roof of Albert Hall designated as Areas A, B and C on the diagram attached to the correspondence attached hereto as Exhibit 2.

2.     "PIRT" means Piedmont Institute for Research and Technology, LLC.

## REQUESTS FOR ADMISSION

1.     The document attached hereto as Exhibit 1 is a true, accurate and complete reproduction of a genuine original document filed in the records of the Forsyth County Register of Deeds at Book 2756, Page 333.

RESPONSE:


2.     Defendants own the property described in Exhibit A to Exhibit 1.

RESPONSE:


3.     Defendants obtained title to the property described in Exhibit A to Exhibit 1 from PIRT.

RESPONSE:


4.     Defendants are legally bound by the Declaration of Condominium of the Lofts at Albert Hall Condominium (hereinafter "the Declaration").

RESPONSE:


5.     The document attached hereto as Exhibit 2 is a true, accurate and complete reproduction of a genuine original document.

RESPONSE:


6.     The document attached hereto as Exhibit 2 is a copy of correspondence sent to counsel for Plaintiffs by Viking Properties.

2

RESPONSE:

7.     The Roof has experienced roof leaks over the last several years.

RESPONSE:

8.     The Roof continues to experience roof leaks when it rains.

RESPONSE:

9.     The Roof is past its expected useful life.

RESPONSE:

10.    The Roof is past its useful life.

RESPONSE:

11.    The Roof needs to be replaced.

RESPONSE:

This the 11th day of April, 2014

/s/ _____
Michael L. Robinson, N.C. Bar No. 9438
Stephen Robinson, N.C. Bar No. 18401
Counsel for Plaintiffs

OF COUNSEL:

ROBINSON & LAWING, L.L.P.
101 North Cherry Street, Suite 720
Winston-Salem, North Carolina 27101-4035

3

Telephone:  (336) 631-8500
Facsimile: (336) 631-6999

4

THE LOFTS AT ALBERT HALL
CONDOMINIUM ASSOCIATION,
INC. AND JEFFREY L. SMITH,

     Plaintiffs,

     vs.

VINTAGE OAKS II, A
CALIFORNIA LIMITED
PARTNERSHIP,
BARTON/BOESPFLUG II, A
CALIFORNIA LIMITED
PARTNERSHIP, AND BULKLEY
INVESTORS,

     Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2014, I caused the foregoing Requests for

Admission to be served upon opposing counsel by hand delivery to:

     Gary Sue
     Burton Sue & Anderson, LLP
     419 North Elm Street, P.O. Box 20083
     Greensboro, North Carolina 27420

     Respectfully submitted,

     Robinson & Lawing, L.L.P.
     101 North Cherry Street, Suite 720
     Winston-Salem, North Carolina 27101-4035
     Phone: (336) 631-8500
     E-mail: Mrobinson@robinsonlawing.com



2007030687 00365
FORSYTH CO, NC        FEE $23.00
NO TAXABLE CONSIDERATION
PRESENTED & RECORDED:
05-25-2007  04:39 PM
DICKIE C WOOD
REGISTER OF DEEDS
By:SHANNON BOSTIC-GRIFFITH DPTY
BK:RE 2756
PG:333-336

~~ 'ELOPE

## NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax:  $ _____0_____

Prepared by and Return to:Dorrestein & Crane, P.C.
141 Providence Road, Suite 160
Chapel Hill, North Carolina 27514

THIS CORRECTIVE DEED, made this _25th_ day of __May__, 200_7_, by and between:

Brief description for the Index:  | Albert Hall, 101 N. Chestnut Street, Winston-Salem |

| GRANTOR | GRANTEE |
|---|---|
| PIEDMONT INSTITUTE FOR RESEARCH AND TECHNOLOGY, LLC, a North Carolina limited liability Company, 601 N. Cherry Street Winston-Salem, NC 27101 | VINTAGE OAKS II, a California limited partnership (a 7.16% undivided interest); BARTON/BOESPFLUG II, a California limited partnership (a 45.14% undivided interest); BULKLEY INVESTORS, a California general partnership (a 47.70% undivided interest), as tenants in common |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

THIS CORRECTIVE DEED is being recorded in order to correct the name and type of entity of the grantee Bulkley Investors as contained in that Corrective Deed dated December 21, 2000 and recorded on July 23, 2001 in Book 2189 at Page 738.

### WITNESSETH

THAT the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple absolute, all that certain lot or parcel of land situated in the City of Winston-Salem, Forsyth County, North Carolina and more particularly described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges, easements and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple absolute, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions: (i) Easements, right of way and restrictions of record; (ii) ad valorem taxes for the year 2000 which shall be prorated to the date of closing and thereafter paid by the Grantee prior to delinquency and ad valorem taxes for each year subsequent thereto; and (iii) matters visible from an inspection of the property or reflected on an accurate survey thereof.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

PIEDMONT INSTITUTE FOR RESEARCH
AND TECHNOLOGY, LLC, a North
Carolina limited liability company    (SEAL)

By: _____ (SEAL)
    W. David Shannon, Manager

By: Wolf Pond Development Corporation, Manager

By: _____
    W. David Shannon
Its:  President                  (CORPORATE SEAL)

STATE OF NORTH CAROLINA
COUNTY OF FORSYTH

I, _Margaret Priddy_____, a Notary Public of _Forsyth_____ County, North Carolina, certify that W. David Shannon personally appeared before me this day and acknowledged that he is Manager of Piedmont Institute for Research and Technology, LLC, a North Carolina limited liability company, and that he executed the foregoing instrument for and on behalf of said limited liability company.

Witness my hand and official stamp or seal, this _25_ day of _May_____, 2007.

```
MARGARET PRIDDY
Notary Public-North Carolina
COUNTY OF FORSYTH
My Commission Expires January 19, 2010
```

_____
SIGNATURE OF NOTARY PUBLIC

_Margaret Priddy_____
TYPED/PRINTED NAME OF NOTARY PUBLIC

My commission expires: _1-19-2010_____

STATE OF NORTH CAROLINA
COUNTY OF FORSYTH

I, _Margaret Priddy_____, a Notary Public of _Forsyth_____ County, North Carolina, do hereby certify that the following person personally appeared before me this day and acknowledged to me that he voluntarily signed the foregoing instrument for the purpose stated therein and in the capacity indicated:  W. David Shannon

Witness my hand and official stamp or seal, this _25_ day of _May_____, 2007.

```
MARGARET PRIDDY
Notary Public-North Carolina
COUNTY OF FORSYTH
My Commission Expires January 19, 2010
```

_____
SIGNATURE OF NOTARY PUBLIC

_Margaret Priddy_____
TYPED/PRINTED NAME OF NOTARY PUBLIC

My commission expires: _1-19-2010_____

**EXHIBIT A**
**Legal Description**

TRACT I

BEING a tract or parcel of land located in Winston Township, Forsyth County, North Carolina and being more particularly described as follows:

BEGINNING at a railroad spike located at the intersection of the northern right of way line of First Street (S.R. 3924) and in the eastern right of way line of Chestnut Street; running thence from said beginning point along the eastern right of way line of Chestnut Street North 06° 33' 20" West 96.63 feet to a corner of a building; thence leaving the eastern right of way line of Chestnut Street and with the northern line of the building North 83° 30' 26" East 114.99 feet to a corner of a building; thence North 06° 29' 43" West 28.52 feet to a corner of an adjacent building; thence with the south line of said adjacent building or the center line of a party wall between buildings 256-9 and 256-2 North 83° 26' 12" East 143.38 feet to a point in concrete; thence South 07° 02' 36" East 118.53 feet to an existing iron pipe in the northern right of way line of First Street (S.R. 3924); thence along the northern right of way line of First Street (S.R. 3924) South 82° 00' 23" West 259.49 feet to a railroad spike in the eastern right of way line of Chestnut Street, the point and place of beginning, containing 0.64866 acres, more or less, by coordinate computation in accordance with a survey prepared for Piedmont Institute for Research and Technology, L.L.C. by Thomas A Riccio, Registered Land Surveyor, L-2815 dated April 17, 1996 (Drawing Number 96105).

Together with all privileges, hereditaments, easements and appurtenances thereto belonging, specifically including but not limited to a perpetual non-exclusive right and easement for (i) ingress, egress and regress and (ii) encroachment/infringement over and across the following described property:

BEGINNING at a bolt in asphalt in the northern right of way line of First Street (S.R. 3924) and in the right of way of Patterson Avenue; running thence from said beginning point along the northern right of way line of First Street (S.R. 3924) South 82° 03' 43" West 20.17 feet to an existing iron pipe in the southeastern corner of the above described tract or parcel of land; thence with the east line of said property North 07° 02' 36" West 118.53 feet to a point; thence South 83° 26' 12" West 20.28 feet to a point; thence North 06° 29' 12" West 119.79 feet to the corner of a building; thence North 83° 26' 12" East 39.24 feet to a point in the right of way of Patterson Avenue; thence along a line within Patterson Avenue South 07° 03' 13" West 119.80 feet to a PK Nail set; thence continuing within the right of way of Patterson Avenue South 07° 03' 13" West 118.05 feet to a bolt in asphalt in the northern right of way line of First Street (S.R. 3924) the point and place of beginning containing 0.16427 acres, more or less by coordinate computation all in accordance with a survey prepared for Piedmont Institute for Research and Technology, L.L.C. by Thomas A. Riccio, Registered Land Surveyor, L-2815 dated April 17, 1996 (Drawing Number 96105).

SUBJECT, HOWEVER, to the terms and provisions of (i) that Declaration of Condominium of the Lofts at Albert Hall Condominium recorded in Book 1980, Page 1954, Forsyth County Registry, as amended; and (ii) that Grant of Easement recorded in Book 1980, Page 1994, Forsyth County Registry, as amended.

(Elevator)

## TRACT 2

BEING a certain tract or parcel of land located in Winston Township, Forsyth County, North Carolina and being more particularly described as follows:

BEGINNING a the corner of the building known as Albert Hall (formerly known as R.J. Reynolds Tobacco Co. Building No. 256-9) and also being the northwest corner of that certain property conveyed to Piedmont Institute for Research and Technology, LLC ("PIRT") recorded in Book 1901 at Page 2322 of the Forsyth County Public Registry and in the east right-of-way line of Chestnut Street; running thence with said right-of-way line of Chestnut Street North 07° 08' 48" West 15.6 feet to a point, a new corner with the property of Piedmont Institute for Research and Technology II, LLC ("PIRT II"); running thence within the property of PIRT II North 83° 30' 26" East 42.75 feet to a point located at the northeast corner of the exterior face of an elevator tower; running thence with the east line of the exterior face of the elevator tower South 06° 29' 34" East 15.6 feet to a point in a north property line of the PIRT property; running thence with a north property line of said PIRT South 83° 30' 26" West 42.57 feet to a point in the east right of way line of Chestnut Street, the point and place of beginning. The foregoing description was taken from a plat of survey prepared for Piedmont Institute for Research and Technology, L.L.C. prepared by Thomas A. Riccio & Associates dated April 17, 1996, and updated December 4, 1997 and December 9, 1997 (Drawing No. 96105), and such property is a portion of the property conveyed to PIRT II by Deed recorded in Book 1976 at Page 4045 of the Forsyth County Public Registry.

SUBJECT, HOWEVER, to the terms and provisions of (i) that Declaration of Condominium of the Lofts at Albert Hall Condominium recorded in Book 1980, Page 1954, Forsyth County Registry, as amended; and (ii) that Grant of Easement recorded in Book 1980, Page 1994, Forsyth County Registry, as amended.





# VIKING PROPERTIES

**NORTH CAROLINA ● CALIFORNIA ● OREGON**

111 NORTH CHESTNUT ST ● SUITE 301 ● WINSTON SALEM ● NC 27101

Mr. Michael L. Robinson
Robinson & Lawing, Attorneys at Law
101 North Cherry Street, Suite 720
Winston-Salem, NC 27101

April 12, 2012

Dear Mr. Robinson:

Thank you for your letter dated March 5, 2012. I have reviewed the contents of the letter with Mr. Justin Barton regarding The Lofts at Albert Hall and the proposed roof replacement. To address the conditions of the proposal presented to us, please examine the following items:

1- Mr. Barton has requested the Homeowner's Association pay 36% of the roof replacement for areas A, B and C as presented in the attached diagram. The total amount is $39,935.16.

2- Triad Roofing is offering a 15 year warranty on labor and material by manufacturer of the roofing material and a 2 year warranty by Triad Roofing Company Inc. No warranty will be issued by the building owner.

3- Mr. Barton agrees to have the roofing company to fill any holes in the concrete deck, but according to the roofing company, no further action is needed in regards to hairline cracks, as the new membrane will bridge those entry areas.

4- Mr. Barton has requested that the Homeonwer's Association pay ½ or $19,967.58, down at the start of the roof replacement job and the final amount within 30 days of job completion.

336.777.3667  PH                     336.777.0750  FAX                     www.vikingproperties.com

5- Mr. Barton agrees to schedule the job in a timely manner upon reaching an agreement between the building owner and the Homeowner's Association.

Please let me know if the Homeowner's Association will agree to these terms. Upon acceptance of these terms, I will schedule the roof replacement job and will inform you once the start-date has been established.

Should you have any questions or concerns, please feel free to contact me at 336.777.3731.


Best regards,



Cindy Rosasco
Viking Properties

