UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:12-CV-906

THE LOFTS AT ALBERT HALL
CONDOMINIUM ASSOCIATION,
INC AND JEFFREY L. SMITH.

    Plaintiffs,

    vs.

VINTAGE OAKS II, A
CALIFORNIA LIMITED
PARTNERSHIP,
BARTON/BOESPFLUG II, A
CALIFORNIA LIMITED
PARTNERSHIP, AND BULKLEY
INVESTORS

    Defendants.

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT**

**I. PLAINTIFFS TIMELY FILED THEIR NOTICE OF INTENT TO FILE DISPOSITIVE MOTION**

Defendants contend that Plaintiffs' motion for summary judgment should not be considered by this Court because Plaintiffs' Notice of Intent to File Dispositive Motion (ECF No. 78), filed May 27, 2014, was untimely. Defendants correctly note that discovery ended on May 12, 2014 and that MDNC LR 56.1 requires that notice of intent to file a dispositive motion be given "within fourteen days" of the end of discovery. From this Defendants erroneously conclude that the notice should have been filed on May 26, 2014.

Significantly to the determination of this matter, Defendants fail to note that May 26, 2014 was Memorial Day, a legal holiday. 5 U.S.C. § 6103(a). Rule 6(a) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> <u>Computing Time</u>. The following rules apply in computing any time period specified in these rules, **in any local rule** or court order, or in any statute that does not specify a method of computing time.
>
>> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>>
>>> (A) exclude the day of the event that triggers the period;
>>>
>>> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>>>
>>> (C) include the last day of the period, **but if the last day is a** Saturday, Sunday, or **legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday**.
>
> \* \* \*
>
>> (6) "Legal Holiday" Defined. "Legal holiday" means:
>>
>>> (A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, **Memorial Day**, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day[.]

[Emphasis added.]

Defendants' argument is thus wholly without merit. When a rule, such as Rule 12(a)(1) of the Federal Rules of Civil Procedure or MDNC LR 56.1, requires that an act be taken "within" a specified number of days, and the last day within which such act may be taken is a Saturday, Sunday or federal holiday, the deadline for performing the act is the next day following that is not a Saturday, Sunday or federal holiday. As applied in the present case, the next day following May 26, 2014 that was not a Saturday, Sunday or federal holiday was May 27, 2014 – the date on which Plaintiffs filed their notice of intent.

2

## II. DEFENDANTS HAVE EFFECTIVELY CONCEDED THAT THERE IS NO MATERIAL ISSUE OF DISPUTED FACT IN THIS CASE.

Defendants' Response contains a number of important concessions of both fact and law. At p. 2 of their Response, Defendants concede that the northern half of the roof of Albert Hall needs to be replaced and, on that basis, assert that the affidavits and other supporting materials filed by Plaintiffs in support of their motion for summary judgment are therefore "superfluous." In fact, however, Plaintiffs were, apparently needlessly, put to the considerable trouble and expense of proving that the northern half of the roof needs to be replaced because Defendants' have heretofore stubbornly refused to admit this obvious fact at any point from the date of their Answer (compare ECF No. 13, ¶ 15 and ECF No. 29, ¶ 15, denying that the roof needs to be replaced ("Admitted that Defendants . . . have obtained quotes for replacing portions of the Building's roof; otherwise, denied.") to and through May 13, 2014 when they served amended responses to Plaintiffs' Requests for Admission (ECF No. 89).

In their Requests for Admission, Plaintiffs' defined "the roof" as "the portion of the roof of Albert Hall designated as Areas A, B and C on the diagram attached to the correspondence attached hereto as Exhibit 2" (the portion of the roof that Plaintiffs have contended from the inception of this litigation needs to be replaced). (ECF No. 89, p. 11.) The referenced diagram (ECF No. 89, p. 21) is an attachment to correspondence sent by Defendants to counsel for Plaintiffs before this action was filed. Having so defined "the roof" for purposes of their request, Plaintiffs then asked a series of requests regarding its condition, culminating with Request for Admission 11, which reads, in its entirety as follows: "The roof needs to be replaced." Defendants' initial response to this request was "Denied for lack of knowledge or information." After consultation between counsel regarding the adequacy of this request, Defendants revised their response to read as follows:

> After reasonable inquiry, the information known or can [sic] readily be obtained is insufficient to enable the answering defendants to admit or deny the request and, therefore, the request is denied.

(ECF No. 89, p. 7, served May 13, 2014.)

Unless it was the evidence of Plaintiffs' "superfluous" summary judgment materials, it is unclear what information Defendants now possess that caused them to make such a dramatic about face and admit that the northern portion of Albert Hall's roof requires replacement that they could not obtain after reasonable inquiry as of May 13, 2014. What is clear, however, is that Defendants' failure to admit this fact in time to avoid needlessly putting Plaintiffs to the time and expense of proving it is particularly significant given their further admission (at p. 11 of their Response) that they are subject to the provisions of the North Carolina Condominium Act (N.C. Gen. Stat. Chap. 47C), including § 47C-117. Indeed, now, more than two years after this action was filed, there appears to be *no* fact of consequence to the determination of this action that Defendants contest.

At p. 12 of their Response, Defendants concede "that the condition of the roof, amongst other conditions, may be causing damage to Plaintiffs." However, a party opposing a motion for summary judgment "may not rest on the allegations in his or her pleading, but must produce sufficient evidence that demonstrates that a genuine issue exists for trial.'" *Garofolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 200 (4th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Under Rule 56(c)(1), Federal Rules of Civil Procedure, this means that the party opposing summary judgment on the grounds that a fact is genuinely disputed . . . must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiffs contend that their damage is caused solely by Defendants' breach of their duty to keep the roof in good order and repair and in good and operable condition. In their summary judgment filings, Plaintiffs offered evidence tending to prove such contention. By conceding that the failure to replace the roof is *a* cause of Plaintiffs' damage, and by failing to submit evidence of any other cause, Defendants have effectively conceded that Plaintiffs are entitled to summary judgment on this issue on their First, Second, Third, and Fourth claims for relief.

Defendants have failed to come forward with any evidence or otherwise shown the existence of a contested issue of fact as to *any* element of *any* of Plaintiffs' claims. Rather, Defendants' entire response appears to be a rehash of its argument that the Declaration is somehow ambiguous on the question of whether Plaintiffs or Defendants own the roof, an issue that is common both to Plaintiffs' Motion for Summary Judgment on its First through Fourth claims for relief and Plaintiffs' Motion for Judgment on the Pleadings on its Fifth Claim for relief, and this supposed ambiguity is, in and of itself, sufficient to prevent entry of summary judgment for Plaintiffs.

This question is one of law that has now been briefed several times by Plaintiffs: in Plaintiffs Brief (ECF No. 74) and their Reply (ECF No. 93) in support of their Motion for Judgment on the Pleadings and in their Brief in Support of their Motion for Summary Judgment (ECF No. 91). Plaintiffs will not repeat the substance of those arguments here. What Plaintiffs will note, however, is that the assertion of the existence of an "ambiguity" is not sufficient to forestall entry of summary judgment against Defendants.

Significantly, Defendants do not contend that Defendants and the Association are co-owners of the roof. Rather, Defendants appear to contend only that either the Association is unambiguously the owner of the roof or, alternately, that there is an ambiguity as to whether the roof is owned entirely by Defendants or entirely by the

5

Association.  To the extent that Defendants' argument is that the Declaration unambiguously establishes that Plaintiffs own the roof (a contention belied by the undisputed evidence and the controlling documents), Defendants concede that the issue is a question of law determinable by reference to the four corners of the declaration. *Stephens Co. v. Lisk*, 240 N.C. 289, 292, 82 S.E.2d 99, 101 (1954); *Harris v. Ray Johnson Const. Co., Inc.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000) (interpretation of written instrument question of law).  To the extent that Defendants contend that the declaration is ambiguous on this question, however, the issue is resolved against Defendants as successors in interest to the original declarant because ambiguities in a unilateral instrument are construed against the drafter.  *Speedway Motorsports International Ltd. v. Bronwen Energy Trading, Ltd.*, 209 N.C. App. 474, 486, 707 S.E.2d 385, 393 (2011).  *See also Harbour Pointe, LLC v. Harbour Landing Condo. Ass'n, Inc.*, 300 Conn. 254, 260, 14 A.3d 284, 288 (2011); *Walker v. 90 Fairlie Condo. Ass'n*, 290 Ga.App. 171, 176, 659 S.E.2d 412, 416 (2008); *Alternative Dev., Inc. v. St. Lucie Club & Apartment Homes Condo. Ass'n, Inc.,* 608 So.2d 822, 825 (Fla. 4th DCA 1992).

Further, even assuming that resort to extrinsic evidence is necessary or appropriate in this case, the fact is that Plaintiffs have provided such evidence while Defendants have come forward with none.  Where the language of an instrument is deemed ambiguous, a court will ordinarily adopt the interpretation that the parties themselves gave it through their actions prior to the initiation of litigation. *Davison v. Duke University*, 282 N.C. 676, 713-14, 194 S.E.2d 761, 784 (1973).  The evidence submitted by Plaintiffs clearly indicates that, throughout the time Defendants have owned Albert Hall, Defendants have continually exercised exclusive dominion and control of the roof, taking sole responsibility for deciding when, what and whether repairs to the roof would be made, contracting and directing repairs when they were made, and soliciting bids for its replacement. (ECF No. 86, Green Aff., Ex. A; ECF No. 84, Stanley Aff., ¶¶ 3, 4, 8;  ECF No. 85, Riley Aff., ¶ 6; ECF No. 87, Boyd Aff., Ex A, pp. 036-045; ECF No. 82, Smith

6

Aff., ¶¶ 5, 6, 13; ECF No. 83, Mauldin Aff., ¶¶ 4, 5.) The correspondence between Defendants' agent, Cindy Rosasco, on the one hand, and roofing contractor Leigh Green, on the other hand, attached as Exhibit A to Green's Affidavit in particular establishes Defendants' belief and understanding prior to the initiation of this action that the roof was the property, and the responsibility, of Defendants. Defendants, by contrast, having previously insisted that Plaintiffs were not entitled to judgment on the pleadings because extrinsic evidence was necessary to establish the ownership of the roof (ECF No. 79, pp. 6-7), have, when the time came for the introduction of such evidence, produced nothing.

Plaintiffs introduced evidence establishing each element of each of their claims for relief. Defendants have neither introduced nor identified evidence establishing the existence of a contested issue of material fact on any element of Plaintiffs' claims and have failed to introduce or identify evidence establishing any defense to Plaintiffs' claims. Rather, the *only* issue contested by Defendants in response to Plaintiffs' motion for summary judgment (and, for that matter, their motion for judgment on the pleadings) is the legal question of whether the Deeds and the Declaration establish their ownership and responsibility for replacing the northern half of the roof of Albert Hall. Where any ambiguities that exist in the Declaration are, as a matter of law, resolved against Defendants and where the only extrinsic evidence of record leads to the same conclusion, summary judgment should accordingly be entered against Defendants on Plaintiffs' First through Fourth claims for relief, excepting only the issue of damages.

## CONCLUSION

On the basis of the evidence made of record, the arguments and authorities set forth in their Brief in Support of Motion for Summary Judgment and in this Reply Brief, Plaintiffs respectfully pray the court for an order granting their motion for summary judgment and the relief requested therein.

This, the 23rd day of July, 2014.

/s/ Michael L. Robinson
Michael L. Robinson, N.C. Bar No. 9438
mrobinson@robinsonlawing.com

/s/ Kurt A. Seeber
Kurt A. Seeber, N.C. Bar No. 20110
kseeber@robinsonlawing.com

OF COUNSEL:

ROBINSON & LAWING, L.L.P.
101 North Cherry Street, Suite 720
Winston-Salem, North Carolina 27101-4035
Telephone: (336) 631-8500
Facsimile: (336) 631-6999

/s/ H. Stephen Robinson
Stephen Robinson, N.C. Bar No. 18401
Counsel for Plaintiffs
steve@klmlaw.com

OF COUNSEL:

KLM Law
1144 West Fourth Street
Winston-Salem, North Carolina 27101
Phone: 336-793-1790
Facsimile: 336-793-1751

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:12-CV-906

| | |
|---|---|
| THE LOFTS AT ALBERT HALL CONDOMINIUM ASSOCIATION, INC AND JEFFREY L. SMITH,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>VINTAGE OAKS II, A CALIFORNIA LIMITED PARTNERSHIP, BARTON/BOESPFLUG II, A CALIFORNIA LIMITED PARTNERSHIP, AND BULKLEY INVESTORS,<br><br>　　Defendants. | |

## CERTIFICATE OF SERVICE

　　I hereby certify that on July 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

　　　　Gary Sue
　　　　Burton Sue & Anderson, LLP
　　　　Gary.Sue@burtonandsue.com

　　　　　　Respectfully submitted,

　　　　　　　　/s/[Kurt A. Seeber]
　　　　　　　　Robinson & Lawing, L.L.P.
　　　　　　　　101 North Cherry Street, Suite 720
　　　　　　　　Winston-Salem, North Carolina 27101-4035
　　　　　　　　Telephone: (336) 631-8500
　　　　　　　　E-mail: kseeber@robinsonlawing.com