IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THE LOFTS AT ALBERT HALL            )
CONDOMINIUM ASSOCIATION, INC.,      )
et al.,                             )
                                    )
            Plaintiffs,             )
                                    )
        v.                          )            1:12-CV-906
                                    )
VINTAGE OAKS II, et al.,            )
                                    )
            Defendants.             )

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This case presents the issue of whether the owners of a mixed-use building are responsible for maintaining and replacing the building's leaky roof. The document which gives the defendants their ownership rights in the building also requires them to maintain the roof and replace it when necessary. The plaintiffs are entitled to a declaratory judgment to that effect, to an injunction requiring the defendants to replace the roof, and to a ruling that the defendants are liable for damages caused by their failure to maintain the roof.

**Background**

The material facts are not in dispute. The plaintiffs are the condominium association and one of the condominium unit owners of the Lofts at Albert Hall Condominium, which occupies the top floor of Albert Hall, a building in Winston Salem owned by the defendants. (Doc. 13 at ¶¶ 1-5.) The defendants own the rest of the building, which they acquired by deed from Piedmont Institute for Research and Technology, LLC, ("PIRT"), the developer of the property;

PIRT had executed the Declaration of Condominium creating the Lofts at Albert Hall. (*See generally* Doc. 12-2.) The defendants are bound by that declaration. (Doc. 29 at ¶ 10.)

The roof of Albert Hall has leaked on many occasions, damaging lower levels of the building including the plaintiffs' property. (Doc. 82 at ¶¶ 4-12, 14-18; Docs. 82-1 to 82-5; Doc. 83 at ¶¶ 3, 6; Doc. 84 at ¶¶ 3, 7, 10; Doc. 85 at ¶¶ 2, 7, 8.) The Association, through its property manager, has informed the defendants of roof leaks. (Doc. 83 at ¶¶ 3-7.) The defendants repeatedly attempted repairs, but these were either totally unsuccessful or only temporarily helpful; the roof has continued to leak and cause damage to common areas and individual units. (*Id.*; Doc. 84 at ¶¶ 3, 7, 10; Doc. 85 at ¶¶ 2, 7, 8.)

According to one experienced roofer who has inspected the roof, "[i]n my over thirty years of roofing experience, if there was ever a roof that need[ed] to be replaced, it was the roof of Albert Hall." (Doc 84 at ¶ 7; *see also id.* at ¶ 10.) Another experienced roofer offered similar, if not quite as colorful testimony. (Doc. 85 at ¶¶ 7-8.) The defendants point to no contrary evidence and now concede that the northern half of the roof needs to be replaced. (Doc. 94 at 2.)

After the Court denied a defense motions to dismiss, (Doc. 27), the defendants filed a third-party complaint against PIRT and its successor. The Court granted the third-party defendants' motion to dismiss. (*See* Docs. 47, 48.) Discovery is now complete. Pending are the defendants' motion to amend their answer to add a counterclaim and the plaintiffs' motions to strike, for partial judgment on the pleadings, and for summary judgment.

**Analysis**

I.      **Motion to Amend, (Doc. 67)**

The defendants seek to amend their answer to add a counterclaim for maintenance costs. In response, the plaintiffs contend that the defendants failed to show good cause for leave to

amend, that permitting the amendment would be futile because the counterclaim does not state a

claim upon which relief may be granted, that permitting the amendment would be unduly

prejudicial, and that defendants seek the amendment for "an ulterior tactical purpose."

As a threshold matter, the parties dispute the applicable standard. Under Rule 15 of the

Federal Rules of Civil Procedure, when amendment is not sought as a matter of course, the court

should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However,

when a motion to amend is filed after the time for filing amendments in a scheduling order has

passed, the movant must demonstrate good cause under Rule 16(b). Fed. R. Civ. P. 16(b)(4);

*Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Halpern v. Wake Forest*

*Univ. Health Scis.*, 268 F.R.D. 264, 266 (M.D.N.C. 2010).

Here, the Court in its scheduling order adopted the parties' Rule 26(f) report. (Doc. 43.)

That report allowed the parties "until the later of sixty (60) days following the close of the

pleadings or a ruling by the Court on third-party defendants' pending Rule 12(b)(6) motion . . . .

to request leave to join additional parties or amend pleadings." (Doc. 42 at 5.) The Court

granted the third-party defendants' Rule 12(b)(6) motion on July 15, 2013, so the defendants had

until September 13, 2013 to seek leave to amend.[1] Because the defendants did not file their

motion until March 2014, they must demonstrate good cause under Rule 16(b).

The defendants do not address Rule 16(b)'s good cause requirement in their motion and

instead offer only bare assertions that the amendment would not delay trial and that justice

"requires the allowance of the amendment." (Doc. 67 at 2.) This is not enough to satisfy the

---

[1] The defendants contend that nothing has happened to "trigger" the close of the pleadings, but the complaint and the answer were filed in early 2013, and the third-party defendants were dismissed some months ago. *See* Fed. R. Civ. P. 7(a) (listing pleadings allowed). They have not identified any additional pleadings that have not been filed.

defendants' burden to "justify a departure from the rules set forth in the court's scheduling order," especially when counsel has offered no explanation for the delay. *Stonecrest Partners, LLC v. Bank of Hampton Rds.*, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011) (internal quotation marks and alterations omitted) (noting that good cause inquiry focuses on timeliness of the amendment and the reasons for its tardy submission).

The defendants contend that the Rule 26(f) report, as adopted by the scheduling order, permits their motion so long as amendment would not delay trial. However, the report clearly states that should a motion to amend be filed after the established deadline, "the court will consider, inter alia, whether the granting of leave would delay trial." (Doc. 42 at 5.) "Inter alia" means "among other things," so the report makes it clear that delaying trial was not the only relevant factor in deciding whether leave to amend would be granted. In any event, even if the Court considered only the issue of delaying trial, adding a new counterclaim in a case which previously had none would entail obvious delays which the defendants have not addressed.

The Court will deny the motion to amend.

## II. Motion to Strike, (Doc. 71)

The plaintiffs move to strike the defendants' reply brief to the response to the motion to amend because it sets out arguments and authorities not raised in a brief in support of the original motion. In the alternative, the plaintiffs request leave to file a surreply, with costs and attorneys' fees for its preparation charged to the defendants.

The Court will not strike the reply. The defendants' reply brief responded to the plaintiffs' contentions, albeit unpersuasively. Moreover, the Court has ruled in the plaintiffs' favor on the underlying motion. The motion to strike will be denied.

**III.     Motion for Partial Judgment on the Pleadings, (Doc. 73)**

The plaintiffs move for judgment on the pleadings as to their fifth claim, seeking a

declaratory judgment that the defendants are responsible for replacing the Albert Hall roof if

necessary and judgment against the defendants on their first, second, fourth, tenth, and twelfth

affirmative defenses.  As an initial matter, the defendants contend that the pleadings are not yet

closed and so this motion is not ripe for review.  As stated above, the pleadings closed in 2013.

*See* discussion *supra* Part I note 1.  This motion is ripe for review.

A court may enter judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c) "when the material facts are not in dispute and the court can judge the case on its merits by

considering the pleadings and any attachments to the pleadings and materials referenced, which

are incorporated into the pleadings by Rule 10(c)."  *Preston v. Leake*, 629 F. Supp. 2d 517, 521

(E.D.N.C. 2009).  As it does when reviewing a Rule 12(b)(6) motion, the court assumes the facts

alleged by the non-moving party as true and draws all reasonable factual inferences in its favor.

*See Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002).

The defendants concede that they took title to Albert Hall subject to the terms of the

declaration and that they are bound by the declaration.  (*See* Doc. 29 at p. 3 ¶ 10; Doc. 12-4 at 8

(stating deed is subject to terms of declaration).)  The declaration unambiguously provides that

the declarant is responsible for the maintenance of all structural components generally and the

roof specifically.  (Doc. 12-2 at 24-26; *see also id.* at 9 (stating that restrictions, conditions and

covenants of declaration run with the land).)  As this Court previously held, the defendants

assumed the obligations of the declarant when they took title.  (Doc. 47 at 3.)

The defendants attempt to manufacture ambiguity in the declaration by suggesting that it

contemplates the boundaries of common elements or areas, for which the Association is

responsible, as including the roof. (*See* Doc. 12-2 at 26-27 (making Association responsible for repairs to common elements, including exterior); *id.* at 2 (defining common elements as "[a]ll portions of the Condominium except the Units.").) There is no such ambiguity. The declaration's floor plan clearly denotes common elements, including exterior patios, and does not designate the roof as such. (*Id.* at 34-35; *see also id.* at 3 (defining condominium property as top floor and adjoining elevator tower and lobby area, as described in floor plans).) The declaration is not reasonably susceptible to the defendants' construction; it is plain and unambiguous, and judgment on the pleadings in the plaintiffs' favor is appropriate. *See, e.g.*, *Glover v. First Union Nat'l Bank of N.C.*, 109 N.C. App. 451, 456, 428 S.E.2d 206, 209 (1993) ("If a contract is plain and unambiguous on its face the court may interpret it as a matter of law.")

The defendants' first, second, and fourth affirmative defenses depend on their contention that they did not acquire "special declarant rights" under N.C. Gen. Stat. § 47C-1-103(9), when they purchased Albert Hall such that they are not declarants under the declaration. However, the Court has already rejected this argument, holding that when PIRT transferred its ownership interest in the property to the defendants, it also transferred any obligation it had to maintain the roof. (Doc. 47 at 2-3.) To the extent that Order was not explicit, the Court now holds that as part of the transfer of ownership, PIRT transferred to the defendants and the defendants accepted the obligation to maintain the roof. As a matter of law, the defendants cannot prevail on the first, second, and fourth affirmative defenses.

The plaintiffs also seek judgment on the pleadings as to the defendants' tenth and twelfth affirmative defenses; however, they did not brief this portion of their motion. In the absence of any explanation of the grounds for judgment, the Court will deny the motion as to these affirmative defenses. *See* L.R. 7.3(k).

**IV.     Motion for Partial Summary Judgment, (Doc. 81)[2]**

The plaintiffs move for partial summary judgment on liability as to their claims under the

North Carolina Condominium Act, nuisance, and trespass.  They also seek entry of a mandatory

injunction directing the defendants to replace the northern part of the roof.  The plaintiffs

contend that the undisputed facts establish that the roof leaks when it rains, that these leaks have

caused substantial damage, and that the roof needs to be replaced.

Summary judgment is appropriate when there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 247 (1986).  The movant has the initial burden to show the absence of a genuine issue

of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant satisfies

its burden, the burden shifts to the non-movant to produce admissible evidence from which the

finder of fact might return a verdict in his favor. *Liberty Lobby*, 477 U.S. at 257.

**A.  North Carolina Condominium Act**

The North Carolina Condominium Act provides a cause of action for any person

adversely affected by a declarant's failure "to comply with . . . any provision of the declaration."

N.C. Gen. Stat. § 47C-4-117.  The defendants do not dispute that they are bound by the Act.  Nor

do the defendants dispute that the northern half of the roof needs to be replaced and that the

condition of the roof is causing damage to the plaintiffs.  Indeed, the undisputed evidence shows

that the roof leaks and has caused damage, that it is not in good condition, and that it is in need

of replacement. (*See, e.g.*, Doc. 82 at ¶¶ 4-12, 14-18; Docs. 82-1 to 82-5; Doc. 83 at ¶¶ 3, 6;

Doc. 84 at ¶¶ 3, 7, 10; Doc. 85 at ¶¶ 2, 7, 8.)

---

[2] The defendants' contention that the plaintiffs' notice of intent to file dispositive motions
was untimely fails, as the plaintiffs filed their notice within fourteen days by the calculations
mandated by Local Rule 56.1 and Federal Rule of Civil Procedure 6(a).

The defendants' only argument in response to this claim is that the plaintiff Association is responsible for roof repairs, not them. The Court has already rejected this argument and determined as a matter of law that the defendants are responsible for maintaining the roof in good condition and replacing it when needed. Accordingly, the plaintiffs are entitled to relief under N.C. Gen. Stat. § 47C-4-117, including a mandatory injunction and damages. *See id.* cmt. (noting appropriate relief might include damages or injunctive relief); *Wrightsville Winds Townhouses Homeowners' Ass'n v. Miller*, 100 N.C. App. 531, 536, 397 S.E.2d 345, 347 (1990) ("A mandatory injunction is the proper remedy to enforce a restrictive covenant.").

## B. Nuisance

Generally, to recover for nuisance, "a plaintiff must show the existence of a substantial and unreasonable interference with the use and enjoyment of its property." *The Shadow Grp., L.L.C. v. Heather Hills Home Owners Ass'n*, 156 N.C. App. 197, 200, 579 S.E.2d 285, 287 (2003). Interference with the flow of surface water can constitute a private nuisance action when the interference is unreasonable and causes substantial damage. *Pendergrast v. Aiken*, 293 N.C. 201, 216, 236 S.E.2d 787, 796 (1977).

The plaintiffs' evidence is that the defendants' failure to properly maintain and replace the roof has caused water to flow into the plaintiffs' property,[3] causing damage in the form of significant annoyance and injury to property; the injuries include mold and damage to ceilings and walls throughout the common areas and Mr. Smith's apartment, as well as damage to

---

[3] The defendants do not contend in response to the motion for summary judgment that the Association does not have rights protected by nuisance law, and such an argument would be inconsistent with the North Carolina Condominium Act. N.C. Gen. Stat. § 47C-3-102(a)(4). Nor have they pointed out any evidence inconsistent with the declaration, which gives the Association the right to use and possess the common elements. (Doc. 12-2 at 26-27.)

furniture in Mr. Smith's apartment. (Doc. 82 at ¶¶ 4-19; Doc. 83 ¶¶ 6-7); *see* discussion *supra* Part III. Leaks are constant when it rains and have caused such damage for several years. (*Id.*)

While the defendants do not dispute the evidence, they contend that they cannot be held liable for nuisance because *Pendergrast* requires intentional interference with the flow of surface water. However, the court in *Pendergrast* explicitly recognized a private nuisance cause of action for negligent or reckless interference with the flow of surface water. 293 N.C. at 216-17, 236 S.E.2d at 796-97. Indeed, in *Shadow Group*, the plaintiff-townhouse owner recovered in nuisance for the failure of the defendant-homeowner's association to stop water from flowing from common areas into the plaintiff's property. 156 N.C. App. at 199, 579 S.E.2d at 286. The facts here are virtually indistinguishable.

It is clear the defendants are responsible for the roof, that they have failed to maintain the roof, and that their failure has caused substantial damage to the Association and to Mr. Smith. They offer no reason for their failure beyond their unreasonable assertion that they are not responsible for the roof. The evidence is thus undisputed and in favor of the plaintiffs. Accordingly, the Court will grant the plaintiffs' motion as to liability for nuisance.

**C. Trespass**

"[T]o establish a trespass to real property, a plaintiff must show: (1) his possession of the property at the time the trespass was committed; (2) an unauthorized entry by the defendant; and (3) resulting damage to the plaintiff." *Id.* at 201, 579 S.E.2d at 287. Causing water to flow onto another's property can give rise to a cause of action for trespass. *Id.*; *see also CDC Pineville, LLC v. UDRT of N.C., LLC*, 174 N.C. App. 644, 650, 622 S.E.2d 512, 517 (2005).

The plaintiffs' evidence establishes that Mr. Smith and the Association were in lawful possession when the leaks occurred, causing damage to their property. (*See* Doc. 82 at ¶¶ 2, 4-

19; Doc. 83 ¶¶ 6-7); *see supra* note 3. The defendants do not dispute this evidence and respond only that the leaks cannot constitute an unauthorized entry by them because they are not responsible for the roof. The Court has already found that repair of the roof is the defendants' responsibility. *See, e.g.*, *Shadow Grp.*, 156 N.C. App. at 201, 579 S.E.2d at 287 (holding evidence showing defendant's failure to stop the flow of water onto plaintiff's property and that plaintiff did not authorize defendant to cause water to flow onto its property established claim for trespass). There are no disputed questions of fact as to liability, and the plaintiffs are entitled to judgment on their trespass claim.

## VI.     Conclusion

Because the defendants have not shown good cause for their untimely request to amend, the Court will deny their motion. The Court will deny the plaintiffs' motion to strike because it is moot and the relief it seeks is unwarranted. The Court will grant the plaintiffs' motion for partial summary judgment and their motion for partial judgment on the pleadings in large part because the contract unambiguously requires the defendants to repair and replace the roof.

It is time for the defendants' efforts to avoid legal responsibility for the roof at Albert Hall to come to an end. The amount of damages can only increase if the defendants continue their efforts to avoid their clear and obvious responsibilities. The defendants must replace the roof. The Court suggests the parties return to mediation, (*see* Doc. 69-5), to resolve other damages issues. If that is unsuccessful, trial will proceed as scheduled.

The Court is prepared to enter a declaratory judgment and an injunction directing the defendants to replace the roof. The Court is also prepared to enter judgment as to liability for the plaintiffs' causes of action seeking damages, with the issue of damages reserved for trial. The Court directs the parties to confer on the form of an injunction and judgment implementing the

10

rulings in this Order. If the parties agree as to form, they shall submit by email to the Clerk a proposed Injunction and Partial Judgment no later than September 30, 2014. If the parties cannot agree, each side shall submit a proposed Injunction and Partial Judgment on that same date.

Finally, the defendants raised a number of defenses in their answer. To facilitate and simplify trial preparation, it will be helpful to have the status of those defenses clarified. The Court perceives the matters raised in the Third, Fifth, Sixth, and Eleventh Defenses will be part of the trial on damages and that this Order disposes of the remaining defenses. If any party disagrees, that party shall immediately advise opposing counsel and thereafter the parties shall confer. To the extent the parties disagree with the Court, they may file short briefs by September 6, 2014. If the parties jointly disagree with the Court, the brief may be joint and should be very short. Otherwise, the briefs are limited to five pages.

For the foregoing reasons, it is therefore **ORDERED** that:

(1) The defendants' motion for leave to amend their answer, (Doc. 67), is **DENIED**;

(2) The plaintiffs' motion to strike the defendants' reply to the motion to amend, (Doc. 71), is **DENIED**;

(3) The plaintiffs' motion for partial judgment on the pleadings, (Doc. 73), is **GRANTED** in part and **DENIED** in part as stated herein;

(4) The plaintiffs' motion for partial summary judgment, (Doc. 81), is **GRANTED**;

(5) The parties shall confer and comply with logistical and scheduling directives of the Court as set forth above.

This the 15th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE